136 N.J. Super. 185 (1975)
345 A.2d 349
SELECTED RISKS INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
CHARLES C. SCHULZ, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 9, 1975.
Decided September 22, 1975.
Before Judges HALPERN, CRANE and MICHELS.
*186 Mr. James A. Mullen, Jr. argued the cause for appellant (Messrs. Kisselman, Deighan, Montano & Summers, a P.C., attorneys).
Mr. Kenneth A. DiMuzio argued the cause for respondent (Messrs. Falciani & DiMuzio, attorneys).
The opinion of the court was delivered by HALPERN, P.J.A.D.
The undisputed facts are that defendant Charles C. Schulz sustained personal injuries when he was involved in an auto accident with an uninsured driver, George Edwards. At the time of the accident Schulz was acting in the course of his employment for Muller Electronics Co. The workmen's compensation insurance carrier for Muller paid Schulz the workmen's compensation benefits awarded which amounted to less than $10,000.
Plaintiff Selected Risks Insurance Co. had issued to Schulz a policy of liability insurance with a limited uninsured motorist coverage of $10,000. Selected agreed that Edwards, the uninsured driver, was solely responsible for the accident, and that Schulz' injuries would have entitled him to a recovery of at least $10,000. It, therefore, offered to pay Schulz the difference between its $10,000 limit and the workmen's compensation paid Schulz in accordance with the award. This offer to pay was predicated upon the endorsement for uninsured motorist coverage which provided in section III(c):
(c) Any amount payable under the terms of this insurance because of bodily injury or property damage sustained in an accident by a person who is an insured shall be reduced by
(1) all sums paid on account of such bodily injury or property damage by or on behalf of
(i) the owner or operator of the uninsured highway vehicle and
(ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury or property damage, including all sums paid under the bodily injury or property damage liability coverage of the policy, and
(2) the amount paid and the present value of all amounts payable *187 on account of such bodily injury under any workmen's compensation law, disability benefits law or any similar law.
Schulz rejected the proffered payment, contending that (a) the set-off clause in the policy was invalid and (b) the issues involved were subject to the arbitration clause in the policy which provided in section VII(G):
G. ARBITRATION.
If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury or property damage to the insured, or do not agree as to the amount of payment which may be owing under this insurance, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration, which shall be conducted in accordance with the rules of the American Arbitration Association unless other means of conducting the arbitration are agreed to between the insured and the company, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this insurance.
This suit was instituted by Selected to determine the applicability of the arbitration clause and the validity of the set-off provision aforementioned. Based on the above undisputed facts the trial judge, without the benefit of oral argument, determined that the arbitration clause mandated that all the issues had to be submitted to and decided by the arbitrators. He dismissed Selected's complaint and entered judgment for Schulz. This appeal is concerned only with the threshold question of arbitrability and not with the issue of set-off or the amount thereof.
Admittedly, this case involves an issue of novel impression in New Jersey. We interpret the arbitration provision in the policy to be limited to a determination of two fact questions, namely, the issue of fault and damages. Since Selected has admitted that the accident was the result of the uninsured's *188 sole negligence and that Schulz's damages would equal its policy limits of $10,000, there was nothing left to be arbitrated. Under such circumstances, the legal issue of set-off remained which should have been decided by the trial judge. See Napolitano v. Motor Vehicle Acc. Ind. Corp., 21 N.Y.2d 281, 287 N.Y.S.2d 393, 234 N.E.2d 438 (Ct. App. 1967); Frager v. Pennsylvania Gen. Ins. Co., 155 Conn. 270, 231 A.2d 531 (Sup. Ct. 1967). For a full discussion of the problem, see Annotation, "What Issues are Arbitrable Under the Arbitration Provision of the Uninsured Motorist Insurance," 29 A.L.R.3d 328 (1970).
The parties have not argued the legal issue concerning the set-off provision so that we make no comment with respect thereto. The judgment is reversed and the matter remanded for disposition to the court below. Jurisdiction is not retained.