142 N.J. Super. 268 (1976)
361 A.2d 100
GOVERNMENT EMPLOYEES INSURANCE COMPANY, A DISTRICT OF COLUMBIA CORPORATION, PLAINTIFF-APPELLANT,
v.
LOIS BOVIT, BARRETT W. BOVIT AND AMERICAN ARBITRATION ASSOCIATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 25, 1976.
Decided June 10, 1976.
*269 Before Judges MATTHEWS, LORA and MORGAN.
Messrs. Orlando, Forgash & Slimm, attorney for appellant (Mr. Robert J. Forgash, on the brief).
Mr. Theodore J. Segal, attorney for defendants-respondents Lois Bovit and Barrett W. Bovit.
The opinion of the Court was delivered by MORGAN, J.A.D.
In this appeal an insurance carrier (hereinafter GEICO) seeks a determination as to whether the arbitration clause of its uninsured motorists coverage embraces resolution of a coverage question dependent upon a question of fact equally relevant to the concededly arbitrable issue concerning the liability of the uninsured. Although the question raised is primarily one of law, a brief understanding of the underlying factual circumstances surrounding the automobile accident which triggered the controversy is helpful.
On October 29, 1973, at about 4 P.M. on a rainy afternoon, Mrs. Bovit (GEICO's insured) was operating her vehicle on Chapel Avenue, Cherry Hill, New Jersey. According to her deposition testimony, as she was passing a vehicle parked against the curb on her side of the road the parked vehicle pulled away from the curb, striking the Bovit car on its right rear. As a result of this impact Mrs. Bovit applied her brakes and the car went into a skid which carried it across the *270 road in a head-on collision with a third vehicle proceeding in the opposite direction.
Joseph H. Banasiak, the driver of this third vehicle, testified that the Bovit car suddenly went out of control for no apparent reason. He did not see the parked car which Mrs. Bovit asserts precipitated the subsequent collision. Banasiak's passenger, Joseph L. Domanski, could offer no explanation as to the cause of this accident since he was at the time looking out of a side window.
The police report failed to make mention of the "phantom" vehicle, never identified, and there seems to be no evidence, beyond Mrs. Bovit's testimony, of its existence. GEICO, in this suit, denies its existence and hence the availability of its uninsured motorists coverage to its insured, Mrs. Bovit.
On October 16, 1974, the Bovits filed a demand for arbitration with the American Arbitration Association in accordance with the pertinent provisions of their uninsured motorists coverage with GEICO, alleging injuries resulting from the negligent conduct of a hit-and-run driver. Several months later, on December 24, 1974, GEICO instituted the present action seeking a determination as to whether its uninsured motorists coverage pertained to the Bovits' claim thereunder, a restraint against the continuation of the arbitration proceeding pending disposition of the coverage issue, and counsel fees and costs. After several interim proceedural steps the trial judge denied GEICO's motion to restrain the arbitration, concluding that the policy in question intended that all disputes as to the involvement of an uninsured motorist in an accident was a matter for arbitration. It is from this order that GEICO appeals. Since no stay of this order or further relief by way of injunction was obtained, the arbitration proceeding was held on June 17, 1975 resulting in an award to Lois Bovit of $30,000. Thereafter, GEICO filed a complaint in the Chancery Division seeking a modification of the arbitrators' award for erroneously "stacking" coverages. This Chancery suit has not been resolved and, at any rate, *271 the question there involved is not before us on this appeal. The narrow issue presented here is whether coverage afforded by an uninsured motorists provision in an automobile policy, dependent upon resolution of a purely factual issue equally germane to the ultimate liability of the carrier to its insured thereunder, is an issue arbitrable under the terms of the arbitration clause included in such coverage.
The pertinent provision of GEICO's uninsured motorists coverage provides that "the company will pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle * * *." The term "uninsured highway vehicle" is defined in the policy as embracing a hit-and-run vehicle.[1] Mrs. Bovit, the insured, contends that her injuries resulted from the negligent operation of a hit-and-run vehicle; GEICO, in this action, denies the existence of such a vehicle and contends that the uninsured motorists provision of its policy affords no coverage. Hence coverage here depends upon resolution of this purely factual issue: whether a hit-and-run vehicle exists  an issue germane to, although not dispositive of, GEICO's liability on its policy if coverage is found to exist.
The arbitration clause in the uninsured motorists coverage reads as follows:
If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of *272 bodily injury or property damage to the insured, or do not agree as to the amount of payment which may be owing under this insurance; then upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration, which shall be conducted in accordance with the rules of the American Arbitration Association. * * *
GEICO contends that coverage questions are not arbitrable under this provision; the Bovits contend they are.
The issue raised is not entirely new to New Jersey. See Travelers Indemnity Co. v. Mongiovi, 135 N.J. Super. 452 (App. Div. 1975); Selected Risks Ins. Co. v. Schulz, 136 N.J. Super. 185, 187 (App. Div. 1975). In both of those cases, although neither is directly in point, the court took the position that resolution of coverage questions under uninsured motorists coverage was for the courts; issues of the uninsured's liability, if any, and damages were for the arbitrators.
Elsewhere, two well-defined but conflicting positions have been developed. See Annotation, "What Issues are Arbitrable Under Arbitration Provision of Uninsured Motorist Insurance," 29 A.L.R.3d 328. One view, exemplified in National Grange Mut. Ins. Co. v. Kuhn, 428 Pa. 179, 236 A.2d 758 (Sup. Ct. 1968), makes arbitrable all disputes under uninsured coverage between an insurer and the insured in an attempt to avoid piecemeal disposition of a controversy. The same disposition was reached in the following cases: Fawver v. Allstate Ins. Co., 267 Or. 292, 516 P.2d 743 (Sup. Ct. 1973) (whether the vehicle causing injuries was a phantom vehicle within the contract definition of an uninsured vehicle, held to be arbitrable); Employers' Fire Ins. Co. v. Garney, 348 Mass. 627, 205 N.E.2d 8 (Sup. Jud. Ct. 1965) (whether the alleged negligent driver was insured or could be identified, held arbitrable); Van Tassel v. Superior Court of Fresno Cty., 12 Cal.3d 624, 116 Cal. Rptr. 505, 526 P.2d 969 (Sup. Ct. 1974) (extent of coverage left to arbitration). This position was the one adopted by the trial court in this case.
*273 The other approach limits arbitration to the issues of the uninsured's liability and damages; all questions relating to coverage afforded the insured are reserved to a court of law. In Rosenbaum v. American Surety Co. of N.Y., 11 N.Y.2d 310, 229 N.Y.S.2d 375, 183 N.E.2d 667 (Ct. App. (1962), the coverage issue between the insured and his carrier, whether the insured was struck by an uninsured motor vehicle, was held not subject to arbitration. In Frager v. Pennsylvania General Ins. Co., 155 Conn. 270, 231 A.2d 531 (Sup. Ct. Err. 1967), a case similar to the present one, the court declined arbitration of whether the insured vehicle had been in contact with a hit-and-run automobile. See also, Flood v. Country Mut. Insurance Co., 41 Ill.2d 91, 242 N.E.2d 149 (Sup. Ct. 1968); Western Cas. & Sur. Co. v. Strange, 3 Mich. App. 733, 143 N.W.2d 572 (Sup. Ct. 1966); Midwest Mutual Ins. Co. v. Santiesteban, 287 So. 2d 665 (Fla. Sup. Ct. 1973).
We adopt this latter view in accordance with Travelers Indemnity Co. v. Mongiovi, supra, and hold that questions of coverage, even when depending for their resolution upon pure questions of fact, equally related to the concededly arbitrable questions of the uninsured's liability and fault, must be determined in a court of law, before the arbitration (if there is to be any) is commenced.
The agreement for arbitration is not so broad as to be all-encompassing. Unless the claim relates to an uninsured motorist within the policy definition of that term, the arbitration provision is inapplicable. Under the agreement it is not the right to recover damages from plaintiff insurance company that is made arbitrable but the right to recover damages from the uninsured motorist. Frager v. Pennsylvania General Ins. Co., supra at 534. The words "matter or matters upon which such persons and the company do not agree" in the arbitration clause clearly refer to the two issues previously mentioned in the clause: (1) the liability of the uninsured owner or operator of a highway vehicle, *274 and (2) the amount of damages recoverable. Hence, the only issues agreed to be arbitrable are those relevant to the insured's entitlement to damages from the uninsured driver or owner. Questions relating to coverage do not fall within the scope of the clause, and uninsured motorist coverage, being a condition of arbitrability, must therefore be resolved by a court of law before any arbitration proceedings can commence.
This approach does not require a factual issue be tried more than once. Any factual issue, even one pertinent to both coverage of the insured and liability of the uninsured driver, resolved by a court during a coverage dispute, will bind the same parties in the later arbitration, and that issue need not be retried. On the other hand, if it is determined that no coverage exists, no arbitration would be available. Hence, in the present case, if the court, in resolving the coverage dispute, determines that a "phantom" driver did exist, and that coverage exists, that issue need not be redetermined by the arbitrators; they can go on to resolving the other issues relating to the liability of the uninsured, fault, contributory negligence of the insured (or comparative negligence) and damages.
The arbitrators' award is vacated; the order denying the stay of arbitration is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion.
NOTES
[1] "Hit and run vehicle" means (i) a highway vehicle which causes an accident resulting in bodily injury to an insured arising out of physical contact of such vehicle with the insured or with a vehicle which the insured is occupying at the time of the accident, or (ii) a highway vehicle which without physical contact with the insured or with a vehicle which the insured is occupying at the time of the accident causes bodily injury to an insured arising out of an accident in New Jersey, provided:

(a) there cannot be ascertained the identity of either the operator or owner of such highway vehicle; * * *.