OPINION OF THE COURT
Martin Evans, J.
Petitioner seeks to stay arbitration of respondents’ uninsured motorist claim.
Petitioner contends that a preliminary trial must be had to determine whether respondents have met the threshold for serious injury as defined in subdivision 4 of section 671 of the Insurance Law, a condition precedent, petitioner believes, to submitting the claim to arbitration pursuant to subdivision 2-a of section 167 of the Insurance Law. Respondents assert in opposition that serious injury is not one of the established conditions precedent to an uninsured motorist claim arbitration and contend that, had the Legislature intended, in amending subdivision 2-a of section 167 of the Insurance Law as of January 1, 1982, to make serious injury a condition precedent it would have so stated.
Petitioner’s novel approach appears to present a case of first impression in which the court must determine whether the 1982 “serious injury” amendment to subdivision 2-a of section 167 of the Insurance Law creates a condition precedent to the arbitration of an uninsured *1066 motorist claim. The amendment to subdivision 2-a of section 167 of the Insurance Law, effective as of January 1, 1982 provides: “No payment for non-economic loss shall be made under such policy provision to a covered person unless such person has incurred a serious injury, as such terms are defined in section six hundred seventy-one of this chapter.”
The stated purpose of this -provision is to change the former “anomalous situation in which a person who seeks recovery under uninsured motorists’ coverage or from MVAIC is able to recover non-economic loss without having incurred a ‘serious injury’, whereas an individual occupying [sic] an insured vehicle must sustain ‘serious injury’ in order to recover non-economic loss.” (Memorandum of State Department of Insurance, McKinney’s Session Laws of NY, 1981, p 2458.) This stated purpose is not in itself helpful in determining whether the actual language of the statute is intended to instruct the arbitrator in making his award or to impose yet another threshold issue requiring preliminary trial. However, the language of subdivision 2-a of section 167 itself as well as the recent interpretation by the Court of Appeals in Licari v Elliott (57 NY2d 230) of subdivision 4 of section 671 and subdivision 1 of section 673 of the Insurance Law — which require serious injury in order for one covered person to have a right of recovery for noneconomic loss against another covered person — do provide some guidance herein.
Section 167 of the Insurance Law is entitled “Liability insurance; standard provisions; right of injured person”. Subdivision 2-a states that no automobile liability policy “shall be issued or delivered by any authorized insurer * * * unless it contains a provision” and continues to state several required provisions. It states further that a policy not containing such provisions “shall be construed as if such provisions were embodied therein.” Thus the function of subdivision 2-a is to promulgate the required contents of the mandatory uninsured motorist indorsement.
Among the contractual provisions mandated by subdivision 2-a of section 167 is the subject amendment, which on its face requires the incorporation by reference of the definition of serious injury pursuant to subdivision 4 of *1067 section 671 of the Insurance Law into the policies of insurance which fall under subdivision 2-a of section 167. The section also enumerates the various conditions under which the offending vehicle’s lack of coverage may arise — an uninsured vehicle, a stolen vehicle, etc. As such condition is considered a condition precedent which, if in dispute, is to be subject to preliminary trial, its proximity to the “serious injury” requirement may suggest that serious injury shall also be construed as a condition precedent. However, the questions of liability and damage are questions for arbitration pursuant to standard uninsured motorist indorsements (see Matter of MVAIC [Malone], 16 NY2d 1027; Matter of Rosenbaum [American Sur. Co.], 11 NY2d 310). The issue of serious injury falls squarely within the question of damage and would therefore be an issue for the arbitrator. Furthermore, the language of the provision that “[n]o payment for non-economic loss shall be made” (emphasis added) suggests the function of the arbitrator in fashioning an award. Lastly, although arbitrators are not bound, absent a contrary provision in the arbitration agreement, by principles of substantive law governing the litigation process (Matter of Sprinzen [Nomberg], 46 NY2d 623), in this instance the substantive provision at issue is incorporated by reference into the very contract the arbitrator is bound to interpret, thereby obviating any fear that the all-important “serious injury” provision would not be binding on the arbitrator. Nothing in subdivision 2-a of section 167 of the Insurance Law, in the legislative intent or in case law on the issues involved, suggests that the issue of “serious injury” is a condition precedent requiring preliminary trial.
Nor does subdivision 4 of section 671 of the Insurance Law and its interpretation in combination with subdivision 1 of section 673 by the Court of Appeals suggest otherwise. Although the Court of Appeals in Licari v Elliott (57 NY2d 230, 234, supra) refers to “serious injury” as a “threshold” issue, it does so in the completely different context of a common-law tort action already under the jurisdiction of the court. Pursuant to subdivision 1 of section 673 of the Insurance Law, in an action by or on behalf of a covered person against another covered person *1068 for personal injuries arising out of a motor vehicle accident, “there shall be no right of recovery for non-economic loss, except in the case of a serious injury” (emphasis added). In holding that in a negligence action, brought to recover damages for personal injuries sustained in a motor vehicle accident, the court must determine as a matter of law, in the first instance, whether plaintiff has established a prima facie case of sustaining serious injury, the Licari court looked to, inter alla, the legislative intent which produced the definition of “serious injury” in subdivision 4 of section 671. It found (pp 236-237) that: “There can be little doubt that the purpose of enacting an objective verbal definition of serious injury was to ‘significantly reduce the number of automobile personal injury accident cases litigated in the courts, and thereby help contain the no-fault premium.’ (Memorandum of State Executive Dept, 1977 McKinney’s Session Laws of NY, p. 2448.) ‘The verbal definition provided in the [legislation placed] a reasonable restriction and further limitation on the right to sue, in order to preserve the valuable benefits of no-fault, at an affordable cost.’ (1977 McKinney’s Session Laws of NY, p 2450.)”
Thus, the threshold issue in this context is preliminary to a jury trial and determined by the court as a matter of law, where the Legislature has abrogated a cause of action unless serious injury is established. The court states (57 NY2d, at p 237), that the “result of requiring a jury trial where the injury is clearly a minor one would perpetuate a system of unnecessary litigation.” Thus, the underlying policy enunciated in Licari also supports a determination that, threshold issue though it may be in the context of a common-law tort action, serious injury shall not be a condition precedent — or as it is also known, a threshold issue — in the context of an uninsured motorist arbitration claim but rather, shall be determinative of the award of the arbitrator. The differences i-n the language of subdivision 1 of section 673 which uses the words “no right of recovery” and of subdivision 2-a of section 167 which uses the words “[n]o payment” support the same conclusion. Furthermore, if a determination of whether serious injury occurred were to be made in a preliminary trial, insurers would undoubtedly in most instances move for a stay of arbitration *1069 pending preliminary trial of that issue, with the result that the courts will be heavily burdened; and certainly the “innocent victims of motor vehicle accidents” (Insurance Law, § 5201) will be subject to an additional triggering mechanism that activates the hurdles of a complicated procedure (see Aetna Ins. Co. v Logue, 68 Misc 2d 841, 843). Such a result could hardly have been intended by the subject amendment of subdivision 2-a of section 167.
Accordingly, petitioner’s application is denied and the petition is dismissed.