OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Chapter 435 of the Laws of 1981 amended various sections of the Insurance Law to provide that under an uninsured motorists’ endorsement no payment for noneconomic loss shall be made unless the claimant has incurred a “serious injury” as defined by Insurance Law § 671, and that there shall be no right of recovery against MVAIC for noneconomic loss unless the claimant has incurred such a “serious injury.” Not dealt with by that legislation is whether the serious injury determination is to be made in the arbitration which, under paragraph 7 of the New York Automobile Accident Indemnification Endorsement (see, 2 NY PJI997,1009), an uninsured motorist claimant is entitled to demand (Matter of Manhattan & Bronx Surface Tr. Operating Auth. v Evans, 95 AD2d 470, affg 117 Misc 2d 614) or is to be made by the courts.
Petitioner reasons that because in a no-fault action the defendant may be granted summary judgment or dismissal at the end of the plaintiff’s case when the evidentiary facts before the court are insufficient to establish “serious injury” (Jones v Sharpe, 63 NY2d 645; Bugge v Sweet, 61 NY2d 710; Thrall v City of Syracuse, 60 NY2d 950; Licari v Elliott, 57 NY2d 230), it follows that with respect to an uninsured motorist claimant’s demand for arbitration “serious injury” is a threshold issue to be determined by the court rather than the arbitrators. On a stay of arbitration, however, the only issues for the court are whether a valid agreement to arbitrate was made and complied with and whether the claim is barred by limitations (CPLR 7503 [b]). Here there is no question concerning limitations and no dispute that the agreement contained in the endorsement obligates claimant and insurer to arbitrate whether claimant “is legally entitled to recover damages” and “the amount of payment.”
An agreement to arbitrate legal entitlement to recover damages “is at least as encompassing as a broad arbitration clause”
*798 (Matter of Nassau Ins. Co. v McMorris, 41 NY2d 701, 702 [equating the provision for arbitration of no-fault first-party benefits disputes under Insurance Law § 675, with a broad arbitration clause]). To require that the courts determine “serious injury” notwithstanding the broadly worded formulation of the endorsement is to involve them in the merits of the claim contrary to CPLR 7503 (b) (see, Matter of Silverman [Benmor Coats], 61 NY2d 299, 307) and runs counter to the Legislature’s purpose to reduce significantly the burden of automobile personal injury litigation upon the courts (Memorandum of State Executive Department, 1977 McKinney’s Session Laws of NY, at 2445, 2448; Governor’s Message of Approval of L 1977, ch 892, id., at 2534, 2535). That the legislative definition of “serious injury” is in some aspects imprecise does not require a contrary conclusion, for it is not to be presumed that arbitrators of uninsured motorists’ claims will not follow court decisions construing the phrase or that, in view of the constant flow of claims before them, they will be any less expert in interpretation of the phrase than are the courts.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons and Kaye concur; Judge Alexander taking no part.
Order affirmed, with costs, in a memorandum. Question certified answered in the affirmative.