219 N.J. Super. 6 (1987)
529 A.2d 997
DOMINICK BOCELLI, PLAINTIFF-RESPONDENT,
v.
HANOVER METRO INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 28, 1987.
Decided June 8, 1987.
*7 Before Judges BRODY, LONG and D'ANNUNZIO.
*8 Montano, Summers, Mullen, Manuel & Owens, for appellant (Arthur Montano, of counsel; John H. Osorio, on the brief).
Clifford L. Van Syoc, for respondent.
The opinion of the court was delivered by BRODY, J.A.D.
We granted defendant Hanover Metro Insurance Company leave to appeal an interlocutory order entered by Judge Haines requiring it to submit to arbitration the issue of whether the uninsured motorist (UM) endorsement of its automobile policy covered plaintiff. We affirm.
Plaintiff was seriously injured while operating his father's pickup truck on the way to work. The truck veered off the road and struck a bridge abutment. Hanover had issued the policy to plaintiff's father; plaintiff was a resident of his father's household. The coverage issues presented by the policy are whether at the time of the accident plaintiff reasonably believed that he had permission to operate his father's vehicle and whether the accident was caused by a vehicle that cut off plaintiff and then drove away before it could be identified.
Arbitrability of a contract dispute is determined by the arbitration provisions of the contract. In re Matter of Arbitration Between Grover, 80 N.J. 221, 228-229 (1979). Thus the question on appeal is whether the policy provides that the factual issues in dispute are to be resolved in court or in arbitration.
The policy is in so-called plain language. The UM endorsement provides in relevant part:
If we and a covered person do not agree ... [w]hether that person is legally entitled to recover damages under this endorsement ... either party may make a written demand for arbitration [by three arbitrators].... A decision agreed upon by two of the arbitrators will be binding as to ... [w]hether the covered person is legally entitled to recover damages....
*9 A "covered person" is defined in the endorsement to mean "[y]ou or any family member." The general policy definitions provide that "you" means the "named insured" and that "family member" means "a person related to you by blood, marriage or adoption who is a resident of your household." Plaintiff, as the son of the named insured residing in his household, was therefore a "covered person."
Hanover relies on two UM endorsement provisions to deny coverage. One excludes from coverage "any person ... [u]sing a vehicle without a reasonable belief that that person is entitled to do so." The other defines "uninsured motor vehicle" to include "... a hit and run vehicle whose operator cannot be identified and which hits, or causes an accident resulting in bodily injury without hitting." Hanover claims that there was no "hit and run vehicle."
Whether the facts of this accident entitle Hanover to deny coverage under these provisions is a dispute between Hanover and a "covered person" as to "[w]hether that person is legally entitled to recover damages under this endorsement" and is therefore, under the terms of the endorsement, subject to arbitration at the request of either party. Thus as to disputed matters under this UM endorsement, a court decides only whether a person is a "covered person" as defined in the endorsement and arbitrators decide whether the endorsement affords coverage to a "covered person."
Hanover relies on cases where we have held that the arbitrable issues under a UM endorsement are whether the uninsured motorist is liable and the amount of damages proximately caused by the accident. Other issues, including whether the endorsement affords coverage, are decided in court. See, e.g., New Jersey Manufacturers Ins. Co. v. Franklin, 160 N.J. Super. 292, 297 (App.Div. 1978); Government Employees Insurance Co. v. Bovit, 142 N.J. Super. 268, 273 (App.Div. 1976), certif. den. 71 N.J. 502 (1976); Travelers Indemnity v. Mongiovi, 135 N.J. Super. 452, 459 (App.Div. 1975). Before distinguishing *10 these cases on a broader ground, we note that their holding has been cut back by Ohio Cas. Ins. Co. v. Benson, 87 N.J. 191, 198-199 (1981) (a dispute as to whether there was a hit-and-run vehicle is arbitrable because the issue is whether a hit-and-run driver is liable for the accident even though a congruent issue is whether the endorsement affords coverage).
The fundamental feature that distinguishes the present case from those that have come before is a change in the language of the endorsement that defines what issues are arbitrable. The endorsement language in the earlier cases provided in relevant part:
If any person making a claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury or property damage to the insured ... then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration.... [Quoted in Travelers Indemnity v. Mongiovi, 135 N.J. Super. at 461]
That language limited arbitrability to disputes over whether "a person making a claim ... is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle." (Emphasis added.)
The language before us extends arbitrability to disputes over whether "a covered person ... is legally entitled to recover damages under this endorsement." (Emphasis added.) Once a person qualifies as a "covered person," the present UM endorsement renders arbitrable all issues related to the liability of the carrier, including issues of coverage, and not just issues related to the liability of the uninsured motorist and the amount of damages.
We are encouraged in our view by the Supreme Court's statement of policy in Ohio Cas. Ins. Co. v. Benson, 87 N.J. at 199:
A modern system of judicial administration should provide not only for the efficient disposition of cases within the judicial system, but also should contemplate alternative methods of dispute resolution outside the system. One such alternative is arbitration. Just as we view piecemeal litigation as anathema, we also look with disfavor upon the unnecessary bifurcation of disputes between *11 judicial resolution and arbitration ... Thus our [broad] construction of the scope of arbitration clauses is consistent with the policy of favoring commercial arbitration as a speedy and inexpensive method for settling disputes.
Affirmed.