254 N.J. Super. 748 (1992)
604 A.2d 239
DWAYNE R. DICKS AND CAROLINE DICKS, PLAINTIFFS,
v.
NEW JERSEY AUTOMOBILE FULL UNDERWRITING ASSOCIATION, DEFENDANT.
Superior Court of New Jersey, Law Division Union County.
Decided January 24, 1992.
Andrew V. Clark (Seaman, Clark, Addy & Clark, Esqs.), for plaintiffs.
Steven H. Isaacson (Isaacson, Dougherty & Zirulnik, Esqs.), for defendant.
*749 MENZA, J.S.C.
The question presented in this case is whether the trial judge or an arbitrator decides the issue of whether an insured has met the verbal threshold where the insured seeks arbitration under the uninsured motorist (UM) provision of his policy.
There are no New Jersey cases which have decided this issue.
The facts are these:
Plaintiff was injured as a result of an automobile accident with an uninsured motorist. He now seeks, by way of an Order to Show Cause, to compel defendant to arbitrate his claim under the UM provision of his policy. Defendant refuses to arbitrate contending that the plaintiff has failed to meet the verbal threshold.
The policy provides:
We do not provide coverage under this endorsement for property damage or bodily injury sustained by any person:
2. For non-economic loss for bodily injury caused by an accident involving an uninsured motor vehicle unless that person has sustained an injury or incurred the medical expenses described under the tort option that applies in accordance with the NJ no-fault law.
The policy also provides:
If we and a covered person do not agree:
1) whether that person is legally entitled to recover damages under this endorsement; or
2) as to the amount of damages; either party may make a written demand for arbitration.
Defendant refuses to arbitrate arguing that the issue of whether the insured has met the verbal threshold is an issue of law which must be resolved by the courts before arbitration may begin. Plaintiff responds that New York law, the recommended reference for the interpretation of New Jersey law[1], as well as New Jersey law, holds that an arbitrator decides whether the verbal threshold has been met.
*750 At first blush the case law of New Jersey seems to indicate that an arbitrator may only decide the issues of an uninsured's negligence and that of the claimant's damages. In Selected Risks Ins. Co. v. Schulz, 136 N.J. Super. 185, 345 A.2d 349 (App.Div. 1975), the court said:
... the arbitration provision in the policy [is] to be limited to a determination of two fact questions, namely, the issue of fault and damages. (at 187 [345 A.2d 349]).
In Selected Risks Ins. Co. v. Dierolf, 138 N.J. Super. 287, 350 A.2d 526 (Ch.Div. 1975), the court reiterated this proportion.
The basis for arbitration is disagreement as to legal entitlement to recover the amount of recovery. Based upon the holding of Schulz, this court interprets the term legal entitlement to be synonymous with the factual issue of fault. Arbitration of legal entitlement does not encompass consideration of a statute of limitation. (at 293 [350 A.2d 526]).
And in Satzinger v. Satzinger, 156 N.J. Super. 215, 383 A.2d 753 (Ch.Div. 1978), the court said:
Thus, our courts have uniformly held that when the question of the insured's "legal entitlement" is submitted to arbitration, the only issues to be determined are "the uninsured motorists negligence and the amount of damages." (at 220 [383 A.2d 753]).
This was emphasized by the court in Government Employees Ins. Co. v. Bovit, 142 N.J. Super. 268, 361 A.2d 100 (App.Div. 1976) in holding that the existence of a "phantom" hit and run vehicle was an issue of coverage which had to be resolved by the court before arbitration proceedings could begin. The court stated:
... questions of coverage, even when depending for their resolution upon pure questions of fact, equally related to the concededly arbitrable questions of the insured's liability and fault, must be determined in a court of law, before the arbitration (if there is to be any) is to be commenced. (at 273 [361 A.2d 100]).
The Bovit case was distinguished in the case of Korshalla v. Liberty Mutual Ins. Co., 154 N.J. Super. 235, 381 A.2d 88 (Law Div. 1977), which addressed the question of whether the monetary threshold was a question for the arbitrator or the judge. The court said:

Bovit held that questions of coverage are not arbitrable under an uninsured motorists provision but must be submitted to a court. The issue of coverage was the hotly disputed one whether a "phantom car" existed at all. If it did, *751 the provision applied. If it did not, the provision was unavailable to the claimant and there was nothing to arbitrate.
This case is different. Here, the existence and liability of the uninsured driver is not questioned. The issue, rather, is whether the injured person could recover damages from the uninsured, for his claim against the insurer could be no better. (at 239 [361 A.2d 100]).
The court then concluded without explanation:
If he did not meet the no fault dollar threshold, he had no right to recover against either the uninsured driver of the insurer. Thus, the threshold question was arbitrable and did not go to the invocability of the policy provision itself. (Id.).
In Ohio Casualty Insurance Co. v. Benson, 87 N.J. 191, 432 A.2d 905 (1981), the Supreme Court considered the question decided in Bovit. The court said:
This court has never expressly considered whether the liability of a hit and run driver to the insured subsumes the issue of the existence of a hit and run driver. (at 194 [432 A.2d 905]).
The court overruled Bovit stating:
The present case, however, does not present the broad issue of whether arbitrators can decide questions of coverage.
* * * * * * * *
As Justice Sullivan noted: [in the case of Perez v. American Bankers Ins. Co., 81 N.J. 415 [409 A.2d 269] (1979)]:
It is difficult to see how the arbitrator could decide whether the accident was a contact or non-contact accident without deciding whether or not a hit and run vehicle was involved in the first place.
As in Perez, we believe that the arbitrable issue subsumes the subordinate issue, whether a hit and run driver existed .... to the extent that Bovit conflicts with our holding we overrule Bovit. (at 198-199 [432 A.2d 905]).
And the court concluded:
A modern system of judicial administration should provide not only for the efficient disposition of cases within the judicial system, but also should contemplate alternative methods of dispute resolution outside the system. One such alternative method is arbitration. Just as we view piecemeal litigation as anathema, we also look with disfavor upon the unnecessary bifurcation of disputes between judicial resolution and arbitration. (citations omitted). Thus, our construction of the scope of arbitration clauses is consistent with the policy of favoring commercial arbitration as a speedy and inexpensive method of settling disputes. (Id. at 199 [432 A.2d 905]).
This dicta is reflected in New York case law which holds that whether the insured motorist has met the statutory threshold *752 requirements is an issue properly determined by an arbitrator rather than a judge.
In Lumbermens Mutual Casualty Co. v. Eugene, 467 N.Y.S.2d 125, 120 Misc.2d 1065 (Sup.Ct. 1983), the trial court concluded that a judicial determination that the insured had met the verbal threshold was not a condition precedent to arbitration of an uninsured motorist claim. The court stated:
... [T]he questions of liability and damage are questions for arbitration pursuant to standard uninsured motorist endorsements. The issue of serious injury falls squarely within the question of damage and would therefore be an issue for the arbitrator. (467 N.Y.S.2d at 126).
The New York Court of Appeals, the state's highest court, reached the same determination two years later. In Aetna Cas. & Sur. Co. v. Cochrane, 486 N.Y.S.2d 915, 476 N.E.2d 314, 64 N.Y.2d 796 (N.Y.Ct. of App. 1985), the court addressed the exact issue and the same UM provision presented in the instant case. The court first noted:
[There is] ... no dispute that the agreement contained in the endorsement obligates claimant and insurer to arbitrate whether claimant is legally entitled to recover damages, and the amount of payment. (486 N.Y.S.2d at 916 [476 N.E.2d at 315]).
It then concluded:
An agreement to arbitrate legal entitlement to recover damages "is at least as encompassing as a broad arbitration clause." (citations omitted). To require that the courts determine "serious injury" notwithstanding the broadly worded formulation of the endorsement is to involve them in the merits of the claim ... and runs counter to the Legislature's purpose to reduce significantly the burden of automobile personal injury litigation upon the courts. (Id). (citations omitted).
This court is cognizant of the fact that there is a split of authority on whether issues other than liability and damages may be decided by an arbitration. (See generally "What issues are arbitrable under the arbitration provision of the uninsured motorist insurance." 29 A.L.R.3d 328 (1970). Some commentators, for example, believe that "it is the better position that coverage questions are to be determined by the court and not arbitration." Couch, Cyclopedia of Insurance Law (1982), § 50:175 at 283). Undoubtedly, this argument has validity in *753 standard contract cases. But since the thrust of no fault legislation is to reduce significantly the burden of automobile personal injury litigation upon the courts, it would seem that in order to effectuate this purpose, that questions regarding the verbal threshold would be better decided by the arbitrator.
This court is also aware of the Governor's message which specifically states that the verbal threshold question is a question to be decided by the court.
Whether a plaintiff has sustained a "serious injury" must be decided by the court and not the jury. Otherwise, the bill's essential purpose of closing the court house door to all lawsuits except those involving bona fide serious injuries will be diluted and the bill's effectiveness will be greatly diminished. (Governor's Reconsideration and Recommendation Statement to the Senate, No. 2637, L. 1988 c. 119).
This statement relating to legal actions and not arbitration, is itself an important vehicle to effect the "closing [of] the court house door" to persons without serious injury.
The rationale of the New York cases makes sense and the dicta of the Supreme Court in Ohio Casualty strongly suggests its application in New Jersey. Under the circumstances, this court concludes that whether the verbal threshold is met is a question to be decided by the arbitrator and not by a judge. The parties must therefore proceed to arbitration in accordance with the policy.
NOTES
[1] See Governor's Reconsideration and Recommendation Statement to the Senate, No. 2637, L. 1988 c. 119.