255 N.J. Super. 252 (1992)
604 A.2d 989
FRANK CUTITTA, PLAINTIFF-APPELLANT,
v.
SELECTIVE INSURANCE COMPANY OF AMERICA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 23, 1992.
Decided April 1, 1992.
*253 Before Judges KING, GRUCCIO and BROCHIN.
Gerald H. Baker argued the cause for appellant (Taenzer, Friedman, Ettenson & Stockton, attorneys; Joshua Friedman, on the brief).
Michael E. Carson, argued the cause for respondent.
The opinion of the court was delivered by GRUCCIO, J.A.D.
On this appeal we must interpret New Jersey's current uninsured/underinsured motorist (UM-UIM) statute and its interplay with arbitration in the determination of verbal threshold issues. We conclude that where an arbitration clause directs *254 arbitration of disputes as to severity of injury and extent of damages, an arbitrator, not a court, must resolve these issues.
Plaintiff Frank Cutitta sought damages from his insurer, defendant Selective Insurance Co. of America (Selective), following a motor vehicle collision caused by the operator of an uninsured vehicle. Selective denied plaintiff's uninsured motorist claims "on the basis that Mr. Cutitta has not met the requirements of his verbal threshold." Thereafter, plaintiff's counsel submitted the demand for arbitration in accordance with the insurance policy. In response, Selective stated that it would not participate in arbitration since defendant had not "overcome his verbal threshold" and was ineligible for coverage.
A verified complaint was filed on behalf of plaintiff and sought an order compelling Selective to show cause why it should not participate in arbitration. The Law Division judge issued an order the same day which directed defendant to show cause why the court should not enter judgment ordering Selective's participation in arbitration proceedings. Selective responded.
The Law Division judge then entered an order denying plaintiff's petition after oral argument. She ruled that "the question of whether the plaintiff has met the threshold and is entitled to pursue his claim with the uninsured benefit is not an issue to be determined by the arbitrators, but rather is an issue that is determined at some other point and some other time. And it may be that that is an issue that rather than having the arbitrators determine, that the court needs to determine." The judge also specifically rejected plaintiff's suggestion that, because the New Jersey insurance statute was an exact replica of the New York insurance statute, the New York case law speaking specifically to this issue should be followed.
The facts are as follows. Plaintiff, a resident of Riverside, New Jersey, was the owner and operator of a motor vehicle insured by Selective. On July 10, 1989, plaintiff was injured *255 when his vehicle was struck from behind in New York City by an uninsured automobile owned and operated by a resident of Clifton, New Jersey. Plaintiff received treatment for his injuries and then asserted a claim for damages under his UM-UIM policy provision. Plaintiff was age 63 at the time of the accident and suffered a strain injury to his left shoulder which exacerbated existing tendinitis.
The policy in question states:
INSURING AGREEMENT
We will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" or "underinsured motor vehicle" where such coverage is indicated as applicable in the schedule of declarations because of: (1) "bodily injury" sustained by an "insured" and caused by an accident; ... the owner's or operator's liability for these damages must arise out of the ownership, maintenance, or use of the "uninsured motor vehicle" or the "underinsured motor vehicle."
EXCLUSIONS
We do not provide coverage under this endorsement for "property damage" or "bodily injury" sustained by any person: ... (2) for damages for pain, suffering and inconvenience resulting in "bodily injury" caused by an accident involving an "uninsured motor vehicle" unless the injured person has the legal right to recover damages for such pain, suffering and inconvenience under the New Jersey No-Fault Law. The injured person's legal right to recover damages for pain, suffering and inconvenience under the New Jersey No-Fault Law will be determined by the liability tort limitation, if any, applicable to that person.
ARBITRATION
If we and an "insured" do not agree: (1) whether that person is legally entitled to recover damages under this endorsement; or (2) as to the amount of damages; either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.... A decision agreed to by two of the arbitrators will be binding as to: (1) whether the insured is legally entitled to recover damages; and (2) the amount of damages.
Selective refused to participate in arbitration on the basis that, by statute and under the terms of his insurance policy, plaintiff's claim was subject to the verbal threshold set forth in N.J.S.A. 17:28-1.1(a)(2). Selective contends that as a precondition to arbitration plaintiff must first present his medical proofs in the Superior Court. Thereafter, if a court of law determines *256 that plaintiff has met the verbal threshold, Selective will participate in arbitration.
Plaintiff contends that he is not required to meet the verbal threshold since his accident occurred in New York and he is insured in New Jersey. This issue was not raised at the trial level. We, nonetheless, consider the matter.
In support of his argument plaintiff cites N.J.S.A. 39:6A-8 which limits the exemption from tort liability to claims of insured occupants "suffering bodily injury, arising out of ownership, operation, maintenance or use of the automobile in this state." Ibid. A continued reading, however, reveals that uninsured motorist coverage extends to accidents which occur "anywhere within the United States or Canada." Ibid. Moreover, the conjunctive "or" in the statute indicates that ownership or use of the automobile in this state are alternative bases for the exemption. Therefore, if one owns a car in New Jersey and is insured here, he is subject to the exemption. The fact that an accident occurs outside New Jersey does not exempt a claimant insured here from meeting the verbal threshold described in his contract of insurance.
Plaintiff next contends that the Law Division judge's determination that in uninsured motorists cases, a court and not a jury, must determine plaintiff's qualification for non-economic losses, was baseless. The Law Division judge ruled that in proceedings involving threshold issues under the new insurance law, a judge should determine whether a plaintiff has suffered non-economic loss sufficient to satisfy the statutory threshold for coverage. The judge based her decision to shift the role, which traditionally belonged to the jury, on Governor Kean's Reconsideration and Recommendations Statement. There the Governor stated:
The verbal threshold contained in this recommendation is patterned after that in force in New York State (See New York Insurance Law §§ 5102, 5104). This verbal threshold specifically sets forth those injuries which will be considered "serious". Lawsuits for noneconomic injuries, such as pain and suffering, will be allowed for these enumerated "serious injuries" only. It is my intention that *257 the term "serious injury", as defined in this recommendation, shall be construed in a manner that is consistent with the New York Court of Appeals' decision in Licari v. Elliot, 57 N.Y.2d 230 (1982). Whether a plaintiff has sustained a "serious injury" must be decided by the court, and not the jury. Otherwise, the bill's essential purpose of closing the courthouse door to all lawsuits except those involving bona fide serious injuries will be diluted and the bill's effectiveness will be greatly diminished.
N.J.S.A. 17:28-1.4; Governor's Reconsideration and Recommendation Statement to Senate, No. 2637  L. 1988, c. 119.
The intent of the Legislature in adopting this statute clearly was to decrease the number of litigated automobile accident cases. See Emmer v. Merin, 233 N.J. Super. 568, 572, 559 A.2d 845 (App.Div.), certif. den., 118 N.J. 181, 570 A.2d 950 (1989). Further, case law supports the Law Division judge's conclusion that the verbal threshold issue is one for judicial determination in a tort suit. Oswin v. Shaw, 250 N.J. Super. 461, 595 A.2d 522 (App.Div.), certif. granted, 127 N.J. 552, 606 A.2d 365 (1991); Fitzgerald v. Wright, 155 N.J. Super. 494, 382 A.2d 1162 (App.Div. 1978) (threshold qualification is ultimately a legal issue primarily for judicial determination; factual issues likewise are best left to judicial resolve).
The foregoing cases and the Governor's statement involve threshold disputes in tort cases which are resolved in court.[1] The present matter pertains to insurance contracts with arbitration clauses which allocate to an arbitrator issues of damage and legal entitlement to coverage. The precedent relied upon by the judge, which directs judicial determination of issues contractually left to arbitration, is inapposite here. The Law Division judge erred in finding that the verbal threshold in uninsured motorist claims is not subject to arbitration.
The insurance policy in question states that Selective will pay non-economic damages in claims involving an uninsured motorist only where the injuries are of a type articulated under the *258 tort option in the New Jersey no-fault law. The policy also states that in the event of a dispute, a panel of three arbitrators will determine whether the insured is legally entitled to recover damages and the amount payable. The logical conclusion to be reached in a combined reading of these provisions is that arbitration will determine whether the insured has sustained the verbal threshold.
The statute involved has clearly articulated those injuries which will satisfy the verbal threshold.[2] The issue of severity is factual and thus may be determined by an arbitrator. This conclusion is consistent with New Jersey and New York case law which interpret identical statutes and set forth that a plain meaning be attached to potentially complicated policy provisions. See In re Matter of Arbitration Between Grover, 80 N.J. 221, 228-29, 403 A.2d 448 (1979) (arbitrability of contract dispute determined by arbitration provisions of the contract); Aetna Cas. & Sur. Co. v. Cochrane, 64 N.Y.2d 796, 486 N.Y.S.2d 915, 476 N.E.2d 314 (Ct.App. 1985) (whether insured suffered "serious injury" should be determined by an arbitrator where contract obligated parties to arbitrate whether claimant *259 was legally entitled to recover damages and amount of damages).
In Ohio Cas. Ins. Co. v. Benson, 87 N.J. 191, 432 A.2d 905 (1981), our Supreme Court encouraged a one-step proceeding to resolve arbitrable insurance provisions. The Court endorsed the notion that arbitrators are able to determine preliminary factual issues, such as the existence of a hit and run driver, before determining whether the accident was covered under the policy. Similarly, the arbitrators here are able to determine whether plaintiff's injuries are severe enough to satisfy the limitation before they determine the amount recoverable by him.
Also instructive is Bocelli v. Hanover Metro Ins. Co., 219 N.J. Super. 6, 529 A.2d 997 (App.Div. 1987), which held that the language of the policy determined which issues were subject to arbitration. There, the issues raised were whether plaintiff reasonably believed he had his father's permission to use his automobile and whether the accident was caused by another car which hit plaintiff and then fled. Id. at 8, 529 A.2d 997. We stated that these issues were factual and, pursuant to the policy provisions there, were subject to arbitration. The policy language provided that determination of whether a covered person was legally entitled to recover damages under the policy would be decided by a panel of three arbitrators. Ibid. Judge Brody wrote that the court should decide only whether the plaintiff was a "covered person" and that the arbitrators should determine a claimant's entitlement to coverage under the policy. He stated that this policy language renders arbitrable all issues related to the liability of the carrier, including coverage issues. Id. at 10, 529 A.2d 997.
New Jersey's strong policy encouraging alternate dispute resolution can only succeed where arbitration actually settles disputes between parties who have specifically contracted for it. Yale Materials v. White Storage, 240 N.J. Super. 370, 375, 573 A.2d 484 (App.Div. 1990). Moreover, Selective's attempt to *260 avoid arbitration of this matter is in sharp contrast with the arbitration statute, N.J.S.A. 2A:24-1, which requires that all issues included in arbitration clauses be submitted to the arbitrator.
The case here presents no circumstances which require judicial scrutiny before arbitration may proceed. The judge's statement that threshold issues are not arbitrable was incorrect, especially in light of the terms in the insurance contract. Consequently, that ruling is reversed and this case is remanded for arbitration in accordance with the contract of insurance.
We add that the Governor's statement references New York case law and suggests that our statute be interpreted in accordance with it. Our courts may be guided by communications from the Governor to the Legislature when interpreting legislative intent. Skeer v. EKM Motors, Inc., 187 N.J. Super. 465, 472, 455 A.2d 508 (App.Div. 1982). The New York cases which have spoken to this issue are worthy of brief discussion.
In Aetna Cas. & Sur. Co. v. Cochrane, supra, 486 N.Y.S.2d at 916, 476 N.E.2d at 315, the court determined that an uninsured motorist endorsement required arbitration of the threshold issue of entitlement to coverage. Acknowledging the ambiguity of the statute, which is identical to our own, the court stated:
That the legislative definition of "serious injury" is in some aspects imprecise does not require a contrary conclusion, for it is not to be presumed that arbitrators of uninsured motorists' claims will not follow court decisions construing that phrase or that, in view of the constant flow of claims before them, they will be any less expert in interpretation of the phrase than are the courts.
Ibid.
In another case factually analogous to our own, a New York trial court crystallized the holding of Cochrane. It held that Licari v. Elliot, 57 N.Y.2d 230, 455 N.Y.S.2d 570, 441 N.E.2d 1088 (1982) (cited by Governor Kean in his Statement) supports the conclusion that a determination of "serious injury" is not a condition precedent to an uninsured motorists' claim but, rather, should be determined by an arbitrator. Lumberman's Mut. *261 Cas. Co. v. Eugene, 120 Misc.2d 1065, 1066-67, 467 N.Y.S.2d 125, 126 (Sup. 1983). The court concluded that the purpose of enacting the verbal threshold law was to decrease the number of claims arising from automobile accidents in the courts.[3] The court found that if arbitration clauses were not given legal effect, insurance companies would clog the courts with stays of arbitration. More importantly, however, the insured would be forced to legally combat his insurer in a long and complex process, which the contract of insurance providing for arbitration was intended to vitiate. Id. 467 N.Y.S.2d at 126. The court concluded that its legislature could not have intended this result, and thus ordered the arbitration.
Here, the language of the policy reasonably led plaintiff to believe that the determination of whether he was entitled to recover would be based on facts surrounding the injury and an arbitrator's determination. Selective's argument that arbitration yields inconsistent results is completely unconvincing, especially in light of their own policy, which carries a sweeping arbitration clause.
The current New Jersey and New York interpretations of an identical statute are complementary and consistent. In light of what we have said here and the holdings of Ohio Cas. Ins. Co., Bocelli, Cochrane and Lumberman's, the judgment of the trial court is reversed and the matter is remanded for arbitration consistent with this opinion.
Reversed and remanded.
NOTES
[1] The Governor's Statement does not mention arbitration proceedings. As such we must assume his directive is intended for those disputes which are to be resolved through litigation.
[2] N.J.S.A. 39:6A-8(a) sets forth:

Every owner, registrant, operator or occupant of an automobile ... and every ... organization legally responsible for his acts or omissions, is hereby exempted from tort liability for non-economic loss .. . as a result of bodily injury, arising out of the ownership ... of such automobile in this State, unless that person has sustained a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute that person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment;
This option restricts recovery for non-economic loss resulting in a lower premium for the insured. N.J.S.A. 39:6A-8(b) offers an unrestricted right to recover for non-economic loss for which the insured pays a higher premium. Plaintiff herein opted for the restricted recovery offered in (a).
[3] The same legislative intent was articulated for New Jersey's Insurance Law. See Weinisch v. Sawyer, 123 N.J. 333, 345, 587 A.2d 615 (1991).