Jeffrey HARRIS, et al.  Plaintiffs,

v.

Frederick BAINHAUER, III Defendant.

No. CIV. A. 00–3328.

United States District Court,
E.D. Pennsylvania.

April 20, 2001.

Steven D. Janel, Law Offices of Steven D. Janel, Philadelphia, PA, for Jeffrey Harris, Shirrone Harris, H/W, Plaintiffs.

Jay D. Branderbit, Timothy P. Dronson, Kent & MC Bride, Philadelphia, PA, for Frederick Bainhauer, III, Defendant.

### AMENDED MEMORANDUM *

EDUARDO C. ROBRENO, District Judge.

Presently before the court is plaintiff's motion for partial summary judgment

---

* This Amended Memorandum replaces the Memorandum issued on April 16, 2001. The only changes in the text are that on page 1, lines 8–9 and page 7, line 16 of the original

which asks this court to determine whether the defendant, a Pennsylvania driver registered and insured in Pennsylvania, may invoke the defense of the verbal threshold against the plaintiffs, New Jersey drivers registered and insured in New Jersey, for an accident that occurred in Pennsylvania. Defendant, in his amended answer, has asserted the verbal threshold defense, which limits a plaintiffs' non-economic recovery to specific types of bodily injuries. Because the court finds that the defendant does not meet the requirements under New Jersey law for asserting the verbal threshold defense, the court grants the plaintiff's motion for summary judgment.

## I. BACKGROUND

The facts of the case are as follows. While traveling by car in Middle Smithfield Township, Pennsylvania, plaintiffs Jeffrey Harris and Shirrone Harris ("Harrises"), New Jersey citizens, were involved in an accident with defendant Frederick Bainhauer III ("Bainhauer"), a citizen of Pennsylvania. The Harrises sustained personal injuries and damages as a result of the collision. The Harrises were insured by a New Jersey auto insurance company, and they elected the verbal tort threshold ("verbal threshold"). Bainhauer was insured by a Pennsylvania insurance company, Reliance Personal Insurance, a part of the Reliance Group Holdings company, which company included Reliance National Insurance, a company that regularly does business and underwrote automobile insurance policies in the New Jersey. In his amended complaint, Bainhauer has asserted the verbal threshold defense against the Harrises.

The Harrises argue that Bainhauer is not statutorily entitled to raise the defense of verbal threshold because, as a Pennsylvania resident driving a Pennsylvania registered car that was insured by a Pennsylvania insurance policy, Bainhauer fails to meet the requirements for asserting the verbal threshold defense. In addition, the Harrises assert that New Jersey law only restricts the right of its residents to sue for non-economic damages regarding incidents which occur *within* the borders of New Jersey.

Bainhauer responds that he is entitled to raise the New Jersey verbal threshold defense because, under a New Jersey statute, known as the "deemer statute," out-of-state drivers are entitled to the protections of the verbal threshold defense when the defendant's insurer is authorized to transact automobile or motor vehicle business in the state of New Jersey. Because his insurance company is authorized to sell insurance in New Jersey, Bainhauer argues, he meets the requirements for the verbal threshold defense. Furthermore, Bainhauer argues that New Jersey law does not restrict the ability of a defendant to assert the verbal threshold defense when the accident occurs *outside* New Jersey.

## II. ANALYSIS

■ "A two-prong analysis is used to determine whether plaintiff is subject to the verbal threshold requirement." *Loftus–Smith v. Henry,* 286 N.J.Super. 477, 669 A.2d 852, 855 (1996) (citing *Beaugard v. Johnson,* 281 N.J.Super. 162, 656 A.2d 1282 (1995)). First, it must be established that the defendant seeking to raise the defense is an owner or operator of a motor vehicle which is entitled to receive New Jersey no-fault personal injury protection (PIP) benefits as a result of injuries sus-

memorandum, "New Jersey" has been changed to "Pennsylvania." In all other respects, the original memorandum is unchanged.

tained in a collision. *Id.; Weiss v. Thomas,* 274 N.J.Super. 37, 41–42, 643 A.2d 29, 31–32 (1994). Second, it must be determined whether the plaintiff had chosen (or was deemed to have chosen) the verbal threshold. *Id.; Weiss,* 643 A.2d at 31–32. Because the plaintiffs do not dispute that they have chosen the verbal threshold provision in their insurance contract, the only issue to be decided is whether Bainhauer meets the first requirement.

A defendant meets the first prong of the test if he either meets the requirements for PIP benefits, as explained in N.J.S.A. 39:6A–4, or is "deemed" to have met them through the deemer statute, set out in N.J.S.A. 17:28–1.4. N.J.S.A. 39:6A–4 reads in pertinent part:

> Every automobile liability insurance policy, issued or renewed on or after January 1, 1991, insuring an automobile as defined in [39:6A–2] against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of the ownership, operation, maintenance or use of an automobile shall provide personal injury protection, as defined hereinbelow, under provisions set forth by the Commissioner of Insurance, for the payment of benefits without regard to negligence, liability or fault of any kind to the named insured ....

N.J.S.A. 39:6A–4. Because Bainhauer's insurance policy was not a New Jersey policy and because it was not underwritten subject to the terms of N.J.S.A. 39:6A–4, quoted above, he cannot claim he meets the requirements under this statute for invoking the verbal threshold defense.

▮▮ However, " '[i]f the defendant's insurer is authorized to transact or transacts insurance business in New Jersey, by operation of N.J.S.A. 17:28–1–4, defendant is "deemed" to be covered by 39:6A–4 and thus may benefit from the exemption re-

quiring plaintiff to meet the verbal threshold.' " *Loftus–Smith,* 669 A.2d at 855 (quoting Craig & Pomeroy, *New Jersey Auto Insurance Law* § 15:3–3b, at 186 (1995)). N.J.S.A. 17:28–1–4 reads in pertinent part:

> [A]ny insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, which sell a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state or in any province of Canada, shall include in each policy coverage to satisfy at least the liability insurance requirements ..., the uninsured motorist insurance requirements ..., and personal injury protection benefits coverage [required under New Jersey law], whenever the automobile or motor vehicle insured under the policy is sued or operated in this State.

N.J.S.A. 17:28–1–4. The deemer statute provides that any policy issued by an insurance policy issued by an insurance company authorized to conduct automobile insurance business in New Jersey must contain a provision which reforms an out-of-state policy to provide the New Jersey minimum requirements as to the first-party coverages when operated within New Jersey. *Whitaker v. DeVilla,* 147 N.J. 341, 687 A.2d 738, 746 (1997) ("We are convinced that the Legislature expressly intended that the deemer statute, as amended, would impose the verbal threshold on all out-of-state insureds that sustain automobile injuries *in New Jersey* and whose policies were issued by insurers au-

thorized to transact business in New Jersey.") (emphasis added).[1]

Even assuming that Bainhauer can demonstrate that his insurer is authorized to do business in New Jersey, he still would not meet the requirements of the deemer statute because the accident occurred in Pennsylvania, not New Jersey. Consequently, Bainhauer fails to meet the first prong of the test for a defendant to raise the verbal threshold defense. He therefore is not entitled to assert the defense of verbal threshold against the Harrises.

Bainhauer's reliance on *Cutitta v. Selective Insurance Co. of America*, 255 N.J.Super. 252, 604 A.2d 989 (1992) and *Thornton v. Boswell*, 1995 WL 656807 (Del.Super.1995) for the proposition that an accident occurring out-of-state can still be "deemed" as meeting the requirements for asserting the verbal threshold defense is misplaced. In *Cutitta*, a New Jersey driver was struck by an uninsured motorist in New York. The injured driver sued his insurance company for uninsured benefits. The *Cutitta* court allowed the insurance company to raise the verbal threshold defense, in part, because "uninsured motorist coverage extends to accidents which occur 'anywhere within the United States or Canada.'" Obviously, Harrises claim is distinguishable because their claims do not involve uninsured motorist coverage and they are not suing their insurance company.

Bainhauer's reliance on *Thornton* is equally unpersuasive. The *Thornton* court, relying on *Cutitta*, held that "the fact that an accident occurred outside of New Jersey does not exempt a New Jersey policyholder from meeting the verbal threshold." *Thornton*, 1995 WL 656807 at *1 (citing *Cutitta*, 604 A.2d at 991). Besides the fact that this is a Delaware court interpreting New Jersey law, the *Thornton* court was more engaged in a choice of law analysis than a detailed analysis of New Jersey's requirements for allowing the verbal threshold defense. Furthermore, the Delaware court erred in its brief analysis of New Jersey law regarding the applicability of the deemer statute to out-of-state accidents in which the defendant was insured by an out-of-state insurance company.

## III. CONCLUSION

Because the court finds that the deemer statute does not permit a Pennsylvania driver to assert the verbal threshold defense when involved in an accident in Pennsylvania, the court grants the plaintiffs' motion for summary judgment.

An appropriate order follows.

---

1. Although the plaintiffs cite two district court opinions from the Eastern District of Pennsylvania in support of their position, those cases do not apply to this case because neither decision addressed the applicability of the deemer statute to a Pennsylvania defendant insured and registered in Pennsylvania who is involved in an accident in Pennsylvania with a New Jersey insured driver. *See Perkins v. Cheung*, No. CIV. A. 95–1738, 1996 WL 37767 *2 (E.D.Pa. Jan 29, 1996) (noting potential relevance of deemer statute but finding insufficient evidence to determine whether Pennsylvania defendant's insurance company was authorized to do business in New Jersey); *Roghanchi v. Rorlick*, Civ. A. No. 91–6680, 1992 WL 279350 (E.D.Pa. Oct.5, 1992) (failing to discuss applicability of the deemer statute).