228 N.J. Super. 619 (1988)
550 A.2d 768
DAWN LANDI, PLAINTIFF-RESPONDENT,
v.
DANIEL GRAY, DONALD LANDI, JR. AND SELECTED RISK INSURANCE COMPANY, DEFENDANTS, AND KEYSTONE INSURANCE COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 26, 1988.
Decided November 28, 1988.
*620 Before Judges KING, BRODY and ASHBEY.
Hiering & Hoffman, attorneys for appellant (Edward V. Murachanian, on the brief).
Bennett, Hayser & Maul, attorneys for respondent (Robert F. Tully, on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
Plaintiff was a passenger in an automobile when a friend accidentally drove it off the road into a tree, causing her serious injuries. Plaintiff had borrowed the automobile from her brother Donald, its owner, and then permitted her friend to drive it. The friend did not own an automobile and was not covered for automobile liability except for the $15,000/$30,000 *621 coverage afforded under Donald's policy, which his carrier paid plaintiff.
Plaintiff, Donald and their parents were members of the same household. Defendant had issued a $100,000/$300,000 automobile liability insurance policy to plaintiff's mother insuring an automobile that she owned. The policy required defendant to pay plaintiff up to $100,000 under its omnibus clause for unrecovered damages she would be entitled to recover from the operator of an underinsured motor vehicle. Plaintiff brought this action for a judgment compelling defendant to honor this underinsured motorist coverage.
Defendant answered that an exclusion in its policy removed the coverage in this case. The exclusion reads in pertinent part:
Neither "uninsured motor vehicle" nor "underinsured motor vehicle" includes any vehicle ... [o]wned by or furnished or available for the regular use of you or any family member.
Defendant argued that the exclusion removes coverage here because the underinsured motor vehicle was owned by Donald, a family member. Judge Turnbach ruled, on cross-motions for summary judgment, that the exclusion was repugnant to N.J.S.A. 17:28-1.1 (the statute) and therefore of no effect. He declared that defendant must pay plaintiff up to $85,000, its $100,000 underinsured motorist coverage less $15,000 that plaintiff recovered in settlement from Donald's liability carrier.
The statute deals differently with uninsured and underinsured motorist coverage. With respect to underinsured motorist coverage, N.J.S.A. 17:28-1.1b provides in part that
underinsured motorist coverage shall be provided as an option by an insurer to the named insured up to at least the following limits: $250,000.00 each person and $500,000.00 each accident for bodily injury; $100,000.00 each accident for property damage or $500,000.00 single limit, subject to an exclusion of the first $250.00, of such damage to property for each accident, except that the limits for ... underinsured motorist coverage shall not exceed the insured's motor vehicle liability policy limits for bodily injury and property damage, respectively.
N.J.S.A. 17:28-1.1e provides in part that
"underinsured motorist coverage" means insurance for damages because of bodily injury and property damage resulting from an accident arising out of the *622 ownership, maintenance or use of an underinsured motor vehicle. Underinsured motorist coverage shall not apply to an uninsured motor vehicle. A motor vehicle is underinsured when the sum of the limits of liability under all bodily injury and property damage liability bonds and insurance policies available to a person against whom recovery is sought for bodily injury or property damage is, at the time of the accident, less than the applicable limits for underinsured motorist coverage afforded under the motor vehicle insurance policy held by the person seeking that recovery. A motor vehicle shall not be considered an underinsured motor vehicle under this section unless the limits of all bodily injury liability insurance or bonds applicable at the time of the accident have been exhausted by payment of settlements or judgments. The limits of underinsured motorist coverage available to an injured person shall be reduced by the amount he has recovered under all bodily injury liability insurance or bonds;...
Thus under the statute automobile liability carriers are not required to include underinsured motorist coverage in their policies. However, carriers are obliged to offer underinsured motorist coverage as an option, and if the named insured elects to purchase it, the coverage must compensate a covered "injured person" for the difference between what he has received from carriers who provided liability coverage to the operator of an underinsured motor vehicle "against whom recovery is sought" and the amount of the underinsured motorist coverage.
The only exclusion permitted by the statute is "an exclusion of the first $250.00" of property damage. Once a named insured has elected to purchase underinsured motorist coverage, the carrier may not cut back the statutory scope of such coverage by excluding from the policy definition of an underinsured motor vehicle "any vehicle ... [o]wned by ... any family member" of the named insured. See Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277, 292-293 (1974); Fernandez v. Selected Risks Insurance Company, 163 N.J. Super. 270, 273-274 (App.Div. 1978). The cited cases prohibit carriers from cutting back the scope of uninsured motorist coverage as mandated and defined by the statute. Although the statute does not mandate underinsured motorist coverage, the cases are apt because the statute mandates and defines the scope of underinsured motorist coverage that a carrier must provide when a named insured elects to purchase it.
*623 We note that the statute expressly excludes from its definition of an uninsured motor vehicle "a motor vehicle owned by or furnished for the regular use of the named insured or any resident of the same household; ..." N.J.S.A. 17:28-1.1e(2). There is no similar exclusion for underinsured motor vehicles. The different statutory treatment may be explained by the fact that motor vehicle liability insurance, providing minimum coverage, is compulsory. N.J.S.A. 39:6B-1. That legislative policy is advanced by giving every member of a household an incentive to see to it that all motor vehicles regularly used by household members are insured for liability. The statutory exclusion, though arguably harsh, provides that incentive by denying an injured member of a named insured's household the benefit of the named insured's omnibus uninsured motorist coverage where the member was injured while using an uninsured vehicle owned or regularly used by one or more members of the same household.[1]
At the time of the accident plaintiff was named as the insured in a $15,000/$30,000 automobile liability policy insuring an automobile that she owned.[2] The policy afforded her underinsured motorist coverage up to $15,000. Defendant contends that the statute limits plaintiff to recovery under that policy.
We need not detail defendant's argument or consider its merits because although plaintiff's policy provides underinsured *624 motorist coverage, Donald's automobile is not an underinsured motor vehicle under plaintiff's policy. As noted supra, N.J.S.A. 17:28-1.1e provides in part:
A motor vehicle is underinsured when the sum of the limits of liability under all bodily injury and property damage liability bonds and insurance policies available to a person against whom recovery is sought for bodily injury or property damage is, at the time of the accident, less than the applicable limits for underinsured motorist coverage afforded under the motor vehicle insurance policy held by the person seeking that recovery.
A motor vehicle may be underinsured when compared to the underinsured motorist coverage afforded under one policy, yet not be underinsured when compared to the underinsured motorist coverage of another. Donald's automobile was underinsured under defendant's policy, but not under plaintiff's because the $15,000 liability limit "available" to plaintiff's friend under Donald's policy is not less than the $15,000 underinsured motorist coverage "afforded" under plaintiff's policy. Wolfe v. Sperling Agency et als., 228 N.J. Super. 428 (Law Div. 1988). The only policy under which plaintiff is afforded underinsured motorist coverage that covers this accident is defendant's $100,000/$300,000 policy.
Affirmed.
NOTES
[1] In a related context, the Legislature enacted N.J.S.A. 39:6-70(d), later repealed, that required an applicant for payment out of the Unsatisfied Claim and Judgment Fund to show that he "was not at the time of the accident, operating or riding in an uninsured motor vehicle owned by him or his spouse, parent or child...." A person unable to make such a showing was also disqualified from recovering Personal Injury Protection benefits. N.J.S.A. 39:6-86.1. The Legislature repealed the provision by enacting L. 1983, c. 362, § 2, effective October 4, 1983. See Kendall v. Snedeker, 219 N.J. Super. 283 (App.Div. 1987), where we held that the amendment was not retroactive.
[2] Plaintiff's own liability carrier has assumed responsibility for paying her Personal Injury Protection benefits under its policy.