259 N.J. Super. 74 (1992)
611 A.2d 165
UNIVERSAL UNDERWRITERS INSURANCE COMPANY, PLAINTIFF,
v.
ATLANTIC EMPLOYERS INSURANCE COMPANY AND RANDOLPH NEUES, DEFENDANTS.
Superior Court of New Jersey, Law Division Union County, Civil Action.
Decided May 15, 1992.
*75 John S. Fetten (Pollock, Montgomery & Chapin, Attorneys), for plaintiff.
Darryl W. Simpkins (K. Ruth Larson, Attorney), for defendant Atlantic Employers Insurance Company.
*76 MENZA, J.S.C.
Each party moves for summary judgment.
This case involves the question of whether two underinsured motorist policy provisions are to be applied pro rata or as primary and excess.
The defendant, Randolph Neues, was injured in a motor vehicle accident while operating an automobile owned by Freehold Nissan. The plaintiff, Universal Underwriters Insurance Company (Universal), insured the vehicle. The Universal policy contained an underinsured motorist (UIM) coverage clause with a limit of $300,000.00. Neues owned an automobile which was insured by the defendant, Atlantic Employers Insurance Company (Atlantic). That policy also contained UIM coverage with a limit of $300,000.00.
Neues recovered the sum of $15,000.00 for his personal injuries, the amount of the tortfeasor's policy limit. Neues has now made claim against Universal for UIM benefits. Universal has brought suit against Atlantic seeking a pro rata contribution of Neues' claim.
The Universal policy provides:
The insurance afforded by the endorsement is primary, except it is excess for any auto not owned by the insured or any trailer attached to it.
The Atlantic policy provides:
Any insurance we provide with respect to a vehicle you do not own ... shall be excess over any other collectible insurance. (emphasis supplied).
Universal contends that Atlantic's policy violates New Jersey's public policy reflected in its statute. Atlantic responds that its excess coverage provision does not violate the law nor public policy and must therefore be applied in accordance with the agreement made between the parties.
The statute mandates Uninsured motorist (UM) coverage. It does not mandate underinsured motorist coverage but provides that it is to be offered as an option. N.J.S.A. 17:28-1.1(b).
*77 The statute also prohibits the stacking of UM and UIM coverages, and provides for the pro rata application of UM coverage.
Uninsured and underinsured motorist coverage provided for in this section shall not be increased by stacking the limits of coverage of multiple motor vehicles covered under the same policy of insurance nor shall these coverages be increased by stacking the limits of coverage of multiple policies available to the insured. If the insured had uninsured motorist coverage available under more than one policy, and recovery shall not exceed the higher of the applicable limits of the respective coverages and the recovery shall be prorated between the applicable coverages as the limits of each coverage bear to the total of the limits. (N.J.S.A. 17:28-1.1(c)).
The purpose of the statutory provision which dictates pro rata application of two or more UM coverages is to ensure that insurance companies do not utilize excess clauses in their policies as a means of escaping the statutory requirement that UM coverage is to be afforded to all motorists. In other words, all UM coverage is to be applied pro rata even where a policy provides that it is excess. On the other hand, the statute is silent as to the manner in which UIM coverage, which is not mandated by the statute, is to be applied. There is no legislative history explaining why the Legislature did not also provide for pro rata application of UIM coverage. However its exclusion was obviously intentional and can only be considered a declaration by the Legislature, or at least a strong hint by it, that UIM coverage was not intended to be applied pro rata in all cases. See Allstate Ins. Co. v. Malec, 104 N.J. 1, 514 A.2d 832 (1986) (applying the maxim expressio unis est exclusio alterius).
Plaintiff argues, however, that since the UIM coverages were elected as options and thus available, they are to be applied pro rata. In support of this position, plaintiff relies on the case of Landi v. Gray, 228 N.J. Super. 619, 550 A.2d 768 (App.Div. 1988). In that case the court interpreted the statute and held that an insurer could not cut back the statutory scope of its underinsured motorist coverage by excluding from the policy *78 definition of underinsured motor vehicle "any vehicle owned by any family member" of the named insured.
In doing so, the court said:
The only exclusion permitted by the statute is "an exclusion of the first $250.00" of property damage. Once a named insured has elected to purchase underinsured motorist coverage, the carrier may not cut back the statutory scope of such coverage by excluding from the policy definition of an underinsured motor vehicle "any vehicle ... [o]wned by ... any family member" of the named insured.
Universal argues that the excess insurance provision of Atlantic's policy is an exclusion which, like the one in Landi, narrows the scope of the optional UIM coverage provided by the statute and is therefore prohibited.
The Landi case is not to be read so expansively. A contractual provision that UIM coverage is excess is not a limitation of scope but of applicability. Coverage is afforded to an insured but only to the extent that it is needed  i.e., only where the insured is not fully compensated for his injuries by other coverage. And in this case, since the statute prohibits the stacking of UIM coverages, the insured could only receive a total of $300,000.00, in any event, regardless of whether the UIM policy provisions were characterized as primary or excess.
An insurer's liability is controlled by the policy except where the policy conflicts with a statute. Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 161 A.2d 717 (1960). If the policy does not, then the court is obligated to enforce the insurance contract as written. Kook v. American Sur. Co. of New York, 88 N.J. Super. 43, 210 A.2d 633 (App.Div. 1965). A policy which contains an uninsured motorist excess clause conflicts with the statute which mandates UM coverage in all policies. An underinsured motorists provision does not. And that is because the statute's silence regarding the applicability of UIM coverage is in effect a statement that is to be applied in accordance with the policy provisions. Any other interpretation of the statute *79 would not only fly in the face of the plain language of the statute but is directly opposite to its obvious intent.
Universal's motion is denied. Atlantic's motion is granted.