643 A.2d 1043

THERESA AUBREY, PLAINTIFF–APPELLANT, v. THE
HARLEYSVILLE INSURANCE COMPANIES,
DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 16, 1994—Decided June 15, 1994.

---

Before Judges BAIME and CONLEY.

*Robert A. Porter* argued the cause for appellant (*Friedman, Bafundo & Porter,* attorneys; *Mr. Porter,* on the brief).

*J. Robert McGroarty,* attorney, argued the cause for respondent (*Mr. McGroarty,* on the brief).

The opinion of the court was delivered by

CONLEY, J.A.D.

Plaintiff appeals a summary judgment granted defendant dismissing her declaratory judgment action seeking underinsured motorist coverage (UIM) pursuant to a policy issued by defendant to an automobile dealer whose vehicle plaintiff was operating at the time of her accident. We reverse.

The critical facts are not in dispute. On January 5, 1991, plaintiff signed a contract to purchase a new Toyota from Chris Koch Toyota (Koch). The dealer permitted plaintiff to use the new car pending approval of plaintiff's credit. In an agreement labeled "TEMPORARY LOAN OF MOTOR VEHICLE TO PROSPECTIVE BUYER," plaintiff stated that she was currently insured under an automobile liability policy issued by Policy Management Corporation (PMC) which covered her 1989 Hyundai that she was trading in. On January 9, 1991, plaintiff's loan application was turned down. The dealer told her to keep the car while it attempted to find another source of financing.

The next day plaintiff was involved in an accident while operating the Toyota. Two other vehicles were involved. One was insured for $25,000 and the other for $15,000. The respective liability insurers paid plaintiff the policy limits, for a total recovery of $40,000. Her PMC policy contained UIM coverage of $15,000, less than the liability insurance limits available to her from the other drivers. She, thus, could not obtain UIM coverage under her PMC policy. *N.J.S.A.* 17:28–1.1(e) ("A motor vehicle is underinsured when the sum of the limits of liability ... available to a person against whom recovery is sought ... is, at the time of the accident, less than the applicable limits for underinsured motorist coverage afforded under the motor vehicle insurance policy held by the person seeking that recovery.").

It is admitted, however, that the Toyota that plaintiff was operating pursuant to her temporary loan agreement was insured by defendant under the policy issued to Koch. That policy has a $1,000,000 UIM coverage reflected on both the declarations sheet and by separate endorsement. Liability coverage, also reflected

on the declarations sheet, was as well $1,000,000. The liability coverage portion of the policy, however, which is distinct from and at a different location in the policy than the UIM endorsement, contains what is commonly referred to as a "step-down" clause. *See Rao v. Universal Underwriters Ins. Co.,* 228 *N.J.Super.* 396, 401–02, 549 *A.*2d 1259 (App.Div.1988). It was that clause which the trial judge concluded precluded plaintiff from UIM coverage. Defendant had argued, and the trial judge agreed, that pursuant to that clause, the $1,000,000 liability coverage was "stepped-down" to $15,000. The tortfeasors' vehicles, then, would not be "underinsured" for the purposes of defendant's policy, as they were not for plaintiff's PMC policy.

On appeal, plaintiff contends the "step-down" clause was previously contained in an endorsement which had been disapproved by the Department of Insurance in 1987 and argues that as such, its inclusion in the 1990–91 policy was invalid. She also argues that the UIM coverage under defendant's policy, which applies to "anyone . . . occupying a covered vehicle," facially applies to her since it is admitted the vehicle was a covered vehicle and she was occupying it at the time of the accident. Alternatively, she contends, as she did below, that the matter should have been submitted to arbitration. We disagree as to the latter, but we are convinced that on its face the UIM coverage applies and that the "step-down" clause in the separate liability provision does not, not only because it is not referenced in the UIM provision but, more importantly, does not apply by its very terms. We need not, then, address the validity of that clause in light of the earlier disapproval.

As we have said, the UIM endorsement contained in defendant's policy and applicable to the Toyota defines insured to include "anyone . . . occupying a covered auto." Defendant admitted that the Toyota was a "covered auto." Thus, plaintiff is an insured. The policy defines an underinsured motor vehicle as "a land motor vehicle or trailer for which a liability bond or policy applies at the time of an accident but its limit for liability is less than the limit of

this insurance." The combined limits of the tortfeasors' policies was $40,000. The section of the UIM provisions labeled "our limit of liability," states that "... the limit of liability shown in the Declarations for Uninsured Motorists Insurance is the most we will pay for all damages resulting from any one accident with an uninsured vehicle or underinsured motor vehicle." The limit of liability shown on the declarations, as well as for both uninsured and underinsured motorists, is $1,000,000. On its face, then, the policy provides UIM coverage to plaintiff.

■ Defendant contends, however, that the "step-down" clause in its liability coverage section, renders UIM coverage inapplicable. That "step-down" clause provides that if a customer:

(i) Has no other available insurance (whether primary, excess or contingent), they are an 'insured' but only up to the compulsory or financial responsibility law limits where the covered 'auto' is principally garaged.

(ii) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered 'auto' is principally garaged, they are an 'insured' only for the amount by which the compulsory or financial responsibility law limits exceed the limit of their other insurance.

The effect of this clause, where applicable, is to limit liability to the minimum required by law. Initially, we think it critical that this "step-down" clause is contained solely in the liability provisions of the policy. It is neither repeated in the UIM endorsement nor cross-referenced thereto in anyway. Furthermore, the limit of UIM coverage reflected on the declarations sheet, as is the limit of liability coverage, is $1,000,000 without qualification. *Cf. Lehrhoff v. Aetna Casualty and Surety Company*, 271 *N.J.Super.* 340, 346, 638 *A.*2d 889 (App.Div.1994) ("[w]e are ... convinced that it is the declaration page, the one page of the policy tailored to the particular insured and not merely boilerplate, which must be deemed to define coverage....").

■ Perhaps more importantly, the "step-down" clause on its face simply does not apply, even assuming that it could limit UIM coverage. This clause is applicable if a customer 1) has no other available liability insurance or 2) has other available liability

insurance but which is less than what is required by law. The clause thus applies only to customers with no insurance or inadequate insurance.

Plaintiff is neither. At the time plaintiff sought to buy the Toyota, she was operating a 1989 Hyundai which she was going to use as a trade-in. She was insured by a motor vehicle policy issued by PMC. Her liability limit was the $15,000 minimum required by law. *N.J.S.A.* 39:6B–1. When a policy is clear and unambiguous, we must enforce those terms. *Royal Ins. Co. v. Rutgers Cas. Ins. Co.,* 271 *N.J.Super.* 409, 416, 638 *A.*2d 924 (App.Div.1994). The "step-down" clause by its clear term simply does not apply. *Compare Rao v. Universal Underwriters Ins. Co., supra,* 228 *N.J.Super.* at 399, 549 *A.*2d 1259 ("step-down" clause reduced the amount of liability coverage to conform to the minimum required by law, but did so for all lessees without limiting the step-down only to those lessees who had no insurance or who had inadequate insurance).

■ We recognize the exception in *N.J.S.A.* 17:28–1.1b that UIM coverage shall not "exceed the insured's motor vehicle liability policy limits for bodily injury and property damage, respectively," as well as the provision in *N.J.S.A.* 17:28–1.1(e) that "[a] motor vehicle is underinsured when the sum of the limits of liability under all bodily injury and property damage liability bonds and insurance policies available to a person against whom recovery is sought for bodily injury or property damage is, at the time of the accident, less than the applicable limits for underinsured motorist coverage afforded under the motor vehicle insurance policy *held by the person seeking that recovery . . . .*" (emphasis added). Although somewhat cryptically stated in its brief, we gather defendant refers to these provisions, coupled with our recent observation in *Prudential Property & Casualty Ins. Co. v. Travelers Ins. Co.,* 264 *N.J.Super.* 251, 258–60, 624 *A.*2d 600 (App.Div.1993), that UIM coverage is "personal" to the insured, in support of its contention that plaintiff can look only to her PMC policy for coverage.

We disagree. The fact is the vehicle being operated by plaintiff with the permission of Koch was Koch's vehicle and was a covered vehicle under defendant's policy. It is also plain that plaintiff was an insured for the purposes of that policy's UIM coverage. And, although defendant might have included a "step-down" clause that could have limited its UIM exposure only to the minimum required by law, it simply did not do so and the "step-down" clause in its liability provisions do not apply to plaintiff. Its $1,000,000 UIM limit, then, does not exceed its $1,000,000 liability limit in contravention of *N.J.S.A.* 17:28–1.1b. Further, although *N.J.S.A.* 17:28–1.1(e) in defining when a motor vehicle is underinsured refers to policies "held" by the person seeking UIM coverage, we construe that to include policies pursuant to which the person is an insured, regardless of who may have purchased the policy. *See Landi v. Gray,* 228 *N.J.Super.* 619, 623–24, 550 *A.*2d 768 (App.Div. 1988).

In *Landi,* plaintiff was a passenger in an automobile owned by her brother and insured under a policy issued to him. Plaintiff had her own automobile policy. Both policies contained liability limits of $15,000 and, under the circumstances, the vehicle was not an underinsured vehicle under either policy. However, plaintiff's mother had an automobile policy on her own car with liability limits of $100,000/$300,000. As a member of her mother's household, plaintiff was an included insured for UIM coverage under that policy. She, thus, sought UIM coverage from her mother's insurer.

In addition to rejecting an exclusion clause argument, not relevant here, we also rejected the mother's insurer's contention that plaintiff was limited to consideration of her own policy for determining UIM coverage. We held that she was entitled to coverage under her mother's policy. In doing so, we said "[a] motor vehicle may be underinsured when compared to the underinsured motorist coverage afforded under one policy, yet not be underinsured when compared to the underinsurance motorist coverage of another." 228 *N.J.Super.* at 624, 550 *A.*2d 768. Determi-

nation of whether a vehicle is underinsured, then, is not limited to the insurer's "personal" policy. *And see Royal Ins. Co. v. Rutgers Cas. Ins. Co., supra,* 271 *N.J.Super.* at 419–20, 638 *A.*2d 924 (plaintiff was injured while driving a vehicle owned by her employer, an automobile dealer, and insured under its garage policy. We noted the characterization of UIM as "personal to an insured," but nonetheless held that plaintiff's "personal" UIM insurer was not obligated by law or the terms of the policies to provide primary UIM coverage. Rather, the UIM coverage of the dealer's policy was primary); *Universal Underwriters Ins. Co. v. Atlantic Employers Ins. Co.,* 259 *N.J.Super.* 74, 77, 611 *A.*2d 165 (Law Div.1992) (plaintiff was injured while driving a vehicle owned by an auto dealer and insured under its dealership policy. Dealership's UIM provisions were held to be primary, not the UIM provision of plaintiff's own auto policy.).

*Prudential Property and Casualty Ins. Co. v. Travelers Ins. Co., supra,* 264 *N.J.Super.* at 258–60, 624 *A.*2d 600 does not require a contrary result. There, although we characterized UIM coverage as "personal to the insured" and said that *N.J.S.A.* 17:28–1.1(e) looked to the policy "held" by the insured as opposed to a policy under which an insured might be a third-party beneficiary, the issue we were deciding concerned whether an injured employee's own UIM coverage or the employer's UIM coverage should be pro rated pursuant to *N.J.S.A.* 17:28–1.1c. We held that the manner in which multiple available UIM coverages are to be applied turns upon the provisions of the policies, not the statute. Implicit in our decision is the fact that the employer's UIM coverage was available to plaintiff, notwithstanding the existence of his own UIM policy. Our discussion of UIM coverage as personal to the insured and the reference to *N.J.S.A.* 17:28–1.1(e) was *dicta.*

Since we have addressed plaintiff's contentions on the merits, we are inclined not to address the alternative claim that the dispute should have been submitted to arbitration. What is properly within the scope of an arbitration provision is not so

readily ascertainable. *See Ohio Casualty Insurance Co. v. Benson,* 87 *N.J.* 191, 432 *A.*2d 905 (1981). As far as we can tell, the sole dispute here involved whether plaintiff was entitled to UIM coverage given the step-down provision in the liability section of the policy. Whether an issue is arbitrable depends upon the contract. *Bocelli v. Hanover Metro Ins. Co.,* 219 *N.J.Super.* 6, 8, 529 *A.*2d 997 (App.Div.1987). The particular arbitration clause contained in the UIM section provides in pertinent part:

> If we and an insured disagree whether the insured is legally entitled to recover damages from the owner or driver of an uninsured motor vehicle or do not agree as to the amount of damages, either party may make a written demand for arbitration. . . .

The clause, on its face, covers only uninsured coverage. Moreover, the two issues to be arbitrated are whether "the insured is legally entitled to recover damages from the owner or driver of an uninsured motor vehicle" and the amount of those damages. Here, there was no factual dispute that plaintiff was entitled to recover damages from the two other people involved in the accident. And the dispute was not over the amount of damages.

Reversed.