710 A.2d 426

FRANK GRANT, PLAINTIFF–RESPONDENT, v. AMICA MUTUAL INSURANCE COMPANY, DEFENDANT–APPELLANT.

Argued January 6, 1998—Decided May 12, 1998.

*Daniel J. Pomeroy,* argued the cause for appellant (*Mortenson and Pomeroy,* attorneys).

*Fred Shahrooz–Scampato,* argued the cause for respondent (*Eichen & Cahn,* attorneys; *Barry R. Eichen,* of counsel).

The opinion of the Court was delivered by

STEIN, J.

This appeal raises questions of underinsured motorist (UIM) coverage that are virtually indistinguishable from the issues presented and resolved in *New Jersey Manufacturers Insurance Co. v. Breen,* 153 *N.J.* 424, 710 *A.*2d 421 (1998), and are germane to the issues resolved in *Magnifico v. Rutgers Casualty Insurance Co.,* 153 *N.J.* 406, 710 *A.*2d 412 (1998), both of which appeals are also decided today. The primary issue concerns the right of plaintiff, Frank Grant, injured in an accident while driving his own automobile, to recover UIM benefits under the automobile policy

issued by Amica Mutual Insurance Company (Amica) to his brother with whom Grant lived. Grant's personal policy had a UIM limit equal to the tortfeasor's liability limit. His brother's policy provided UIM coverage greater than the tortfeasor's liability limit and made available that coverage to family members of the insured. As in *Breen,* a secondary issue is whether our decision in *Aubrey v. Harleysville Insurance Cos.,* 140 *N.J.* 397, 658 *A.*2d 1246 (1995), should be applied only prospectively.

## I

On October 19, 1992, Grant was injured in an automobile accident while driving his own car. His car had $25,000 of UIM coverage under a policy issued by the Market Transition Facility (MTF). The tortfeasor had $25,000 of liability coverage. The tortfeasor therefore was not underinsured with respect to Grant's personal policy. Grant settled his claim against the tortfeasor for the policy limit.

Grant lived with his brother, Michael Grant (Michael), when the accident occurred. Michael's policy with Amica provided $100,000 of UIM coverage. Because Michael's UIM limit was higher than the tortfeasor's liability limit, Grant sought UIM benefits under Michael's Amica policy. Amica denied Grant's claim on the ground that *Aubrey* prevented Grant from collecting UIM benefits under any UIM policy other than his own.

Grant sued Amica seeking a declaration that UIM benefits were available to him under Michael's policy, and sought an order to show cause why arbitration should not be compelled. Following oral argument, the trial court sustained Amica's contentions based on *Aubrey,* dismissed the order to show cause, and dismissed Grant's complaint.

Grant appealed. In an unpublished opinion the Appellate Division reversed, relying on its opinion in *New Jersey Manufacturers Insurance Co. v. Breen,* 297 *N.J.Super.* 503, 688 *A.*2d 647 (App. Div.), *mod. and aff'd,* 153 *N.J.* 424, 701 *A.*2d 421 (1998). The court held that "*Aubrey* should not be applied to claims under policies

issued before the date of the *Aubrey* decision," and remanded for an order compelling arbitration of Grant's UIM claim.

II

As explained fully in *Breen, supra,* 153 *N.J.* at 428–429, 431–433, 710 *A.*2d at 423–424, 425–426, the Appellate Division's rationale in both *Grant* and *Breen* for applying *Aubrey* only prospectively rested on a flawed premise concerning the scope of our disapproval in *Aubrey* of *Landi v. Gray,* 228 *N.J.Super.* 619, 550 *A.*2d 768 (App.Div.1988). We stated explicitly in *Breen* that "as amplified by *French,* our disapproval of *Landi* should be understood to refer only to the *Landi* court's invalidation of the exclusion of UIM coverage when an underinsured vehicle of a resident family member caused the claimant's injury." *Breen, supra,* 153 *N.J.* at 429, 710 *A.*2d at 423–424. Accordingly, as in *Breen,* the *Grant* panel's holding that *Aubrey* should be applied only prospectively was not necessary to sustain that court's disposition of Grant's appeal.

We also observed in *Breen,* relying on *French v. New Jersey School Board Ass'n Insurance Group,* 149 *N.J.* 478, 487, 694 *A.*2d 1008 (1997), "that a policy 'held' by the claimant for purposes of satisfying the statutory standard that determines whether a tortfeasor's vehicle is underinsured need not necessarily be the policy purchased by the claimant." *Breen, supra,* 153 *N.J.* at 430, 710 *A.*2d at 424. In *French, supra,* we explained that for a claimant who satisfies the threshold for UIM coverage

the statute contemplates that the insured is free to pursue UIM benefits under other policies under which he or she may be insured—whether under his or her personal policy, as the occupant of an employer's vehicle, the permissive occupant of a motor vehicle owned by any other insured person, *or as the resident in the household of a relative possessing his or her own UIM insurance.* Each of those UIM policies is opened up to the insured once the threshold test is met.

[149 *N.J.* at 495, 694 *A.*2d 1008 (emphasis added).]

We also stressed in *Breen* that policy language is the critical factor in UIM coverage litigation. 153 *N.J.* at 430–431, 710 *A.*2d at 424–425.

Because the facts essential to a resolution of the coverage question are undisputed, and the policy language is dispositive, we discern no need for a plenary hearing as urged by Amica to resolve the issue of Grant's reasonable expectations. By its terms the Amica policy's UIM coverage was available to Grant's brother Michael, the named insured, and to "any family member." Although the Amica policy's UM/UIM endorsement as it appears in the record does not define family member, that term indisputably applies to Grant who resided with his brother at the time of the accident. Based on the plain language of the Amica policy, we conclude that the policy's UIM coverage was "held" by Grant and that the policy's UIM coverage is available to compensate Grant for his injuries. See *Breen, supra,* 153 *N.J.* at 430–432, 710 *A.*2d at 424–425.

### III

As in *Breen,* we disapprove of those portions of the Appellate Division's disposition that determined that the retroactivity of *Aubrey* was germane to the result and that accorded *Aubrey* only prospective effect. As modified, we affirm the judgment of the Appellate Division.

*For modification and affirmance*—Chief Justice PORITZ and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN and COLEMAN—7.

*Opposed*—none.