770 A.2d 1278 (2001)
339 N.J. Super. 128
Heather HANSEN, an infant by her Guardian ad Litem, Margaret Hansen, and Margaret Hansen, Individually, Plaintiffs-Respondents,
v.
Denise HANSEN and Joseph Hansen,[1] Defendants-Respondents, and
State Farm Indemnity Company, Defendant-Intervenor-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued October 18, 2000.
Decided April 17, 2001.
*1280 Patrick H. Cahalane, Tinton Falls, argued the cause for appellant State Farm Indemnity Company (Connell & Connell, attorneys; Mr. Cahalane, on the brief).
Donald C. Heilman,[2] East Brunswick, argued the cause for Denise Hansen as defendant-respondent (Heilman & Curran, attorneys; Mr. Heilman, on the brief).
John L. Mahoney, New Brunswick, argued the cause for plaintiff-respondent Heather Hansen (Lutz, Shafranski, Gorman & Mahoney, attorneys).
Before Judges KEEFE,[3] EICHEN and STEINBERG.
*1279 The opinion of the court was delivered by STEINBERG, J.A.D.
Defendant-Intervenor State Farm Insurance Company (State Farm) appeals *1281 from an order, dated October 8, 1999, denying the following: 1) its application to amend its answer to assert cross-claims against co-defendant Denise Hansen (Denise) and counter-claims against plaintiff Heather Hansen (Heather), an infant by her Guardian ad Litem, Margaret Hansen, for declaratory judgment; 2) denying its application "to bifurcate and join the UM claim;" and 3) compelling State Farm to proceed with binding arbitration of Denise's claim. The effect of the order was to deny State Farm's application to stay the Law Division proceedings instituted on behalf of Denise and Heather, pending uninsured motorist (UM) arbitration proceedings.
In addition, State Farm appeals an order of October 28, 1999, which: 1) denied its application "to bifurcate and join the UM claim;" 2) denied its applications to compel Denise to participate in the liability trial regarding her affirmative claim; 3) denied State Farm's application to seek declaratory judgment; and 4) directed State Farm to participate in an uninsured motorist arbitration of Denise's claim within forty-five days.
Finally, State Farm appeals an order of December 17, 1999, denying its motion for reconsideration and to supplement the record. On December 17, 1999, the motion judge also stayed that order to allow State Farm time to decide whether to appeal and seek a further stay from this court. As previously noted, State Farm appeals those orders and we stayed them pending this appeal. We affirm in part, and reverse in part.
On March 24, 1996, Denise was operating her motor vehicle in the southbound lane of Cranbury Road in East Brunswick, New Jersey. Her daughter Heather, a minor, was a passenger in the front seat of the vehicle. Denise's car struck the rear of a stopped vehicle operated by Michael Thomas. The East Brunswick police were called to the scene. The police report reflects that the Hansen vehicle struck the rear of the Thomas vehicle and pushed the Thomas vehicle into a vehicle operated by Medhat Hannah.
In April 1996, Denise notified State Farm of a potential uninsured motorist claim, contending that a northbound unidentified vehicle crossed into her lane of travel causing her to veer to the right, strike the curb, bounce off the curb, and strike the Thomas vehicle. The police report does not mention a "phantom" vehicle. At his deposition, when asked whether he saw any vehicle in the northbound lane of Cranbury Road, Thomas said, "I don't think I was paying much attention to the northbound traffic. You know, it's away from you. I'm always interested in what's behind me and in front of me."
On April 14, 1997, Heather filed her Law Division complaint. Thereafter, on May 13, 1997, Heather also notified State Farm of her intention to make a claim for UM coverage through her parents' policy of insurance.
On September 25, 1998, State Farm was granted permission to intervene in the Law Division action. On August 2, 1999, State Farm moved for an order "to bifurcate the trial of September 13, 1999, and join all pending UM Claims."[4] The object of the application was to have the issue of liability for both Denise and the alleged phantom driver resolved in one forum, avoiding piecemeal litigation. Apparently, counsel representing State Farm was unaware *1282 of the fact that on July 30, 1999, Heather's attorney, and the attorney designated by State Farm to defend Denise in the Law Division action, had entered into a stipulation of dismissal. In their appellate briefs, State Farm and Denise agree that the stipulation of dismissal was without prejudice.[5]
State Farm also moved to amend its pleadings to assert declaratory judgment claims against Denise and Heather based upon its contention that they were not entitled to UM coverage and benefits due to their failure to fulfill statutory and policy preconditions to coverage, such as timely police notification, reasonable efforts to identify the phantom vehicle and prompt and accurate notification to the carrier.
On October 25, 1999, the return day of State Farm's motions, the judge concluded that the question of whether Denise satisfied the preconditions of the policy was to be resolved in arbitration, rather than by the court, and therefore denied the motion to amend to seek declaratory relief. He also rejected State Farm's conclusion that the stipulation of dismissal was invalid since it was not signed by its attorney. In addition, the judge directed that the arbitration proceedings take place within sixty days, but stayed the orders pending appeal provided State Farm filed a notice of appeal within forty-five days.[6] Finally, by letter dated December 23, 1999, Heather's attorney reaffirmed Heather's intention to assert a UM claim, and further asserted that Heather would "be bound on all issues submitted to the same arbitration panel" that would hear Denise's claim.
On appeal, State Farm raises the following arguments: 1) the motion judge erred by failing to join Denise's affirmative claim in the Superior Court with Heather's claim "so that the shared issue of liability within these claims could be resolved in one forum"; 2) the motion judge erred by permitting Heather to voluntarily dismiss her Law Division claim without the consent of all parties, and without a motion and good faith basis; and 3) the motion judge erred by denying its application to amend its pleadings to assert declaratory judgment claims against Denise and Heather.
We initially consider, and reject State Farm's contention that the judge erred in permitting Heather to voluntarily dismiss her Law Division complaint without its consent, and without a motion. R. 4:37-1(a) allows a complaint to be dismissed by the filing of a "stipulation of dismissal specifying the claim or claims being dismissed, signed by all parties who have appeared in the action." Otherwise, a complaint may be dismissed at plaintiff's *1283 request "only by leave of court and upon such terms and conditions as the court deems appropriate." R. 4:37-1(b).
State Farm contends that aside from designating counsel to represent Denise and defend her regarding the claims asserted by Heather, it also was a party to the action, and therefore since it had appeared, the stipulation of dismissal could not be effective unless signed by it, pursuant to R. 4:37-1(a), or by leave of court pursuant to R. 4:37-1(b). We reject those contentions. Although we agree that a literal reading of R. 4:37-1(a) might call for a conclusion that since State Farm had appeared in the action, a stipulation of dismissal could only be effective if signed by it, we conclude that the rule should not be literally applied.
Although State Farm insured Denise, it was, in effect, a stranger to the issues between Heather and Denise. State Farm assigned separate counsel to Denise regarding her liability to Heather, and Denise and Heather agreed to a dismissal of Heather's claim. The stipulation of dismissal was signed by Heather's attorney and the attorney designated by State Farm to defend Denise. The dismissal was to Denise's benefit. State Farm itself was a party to the proceedings, not because it insured Denise, but, rather because it had intervened and was acting adversely to Denise regarding her affirmative UM claim. To the extent Heather sought to dismiss her affirmative claim against Denise, State Farm did not have the right to act adversely to its insured's interest, and its signature was not needed on the stipulation of dismissal. The stipulation of dismissal was signed by the attorneys for the parties who appeared regarding Heather's assertion of her claim for personal injuries. Consequently, only their signatures were required on the stipulation of dismissal. State Farm's appearance in a different capacity, ultimately seeking an order that the jury apportion the negligence, if any, of Denise and the phantom driver, and also seeking declaratory relief against Denise and Heather regarding the UM claim, did not entitle it to sign the stipulation of dismissal regarding Heather's claim against Denise, or prevent Heather from dismissing her claim against Denise, its insured. Accordingly, we conclude the motion judge did not err in determining that the stipulation of dismissal effectively dismissed Heather's claim for affirmative relief against Denise.
To hold otherwise would mean that a plaintiff who has filed suit against multiple parties, and has settled against one party after answers have been filed, would have to obtain the signatures of all parties to the partial stipulation of dismissal that is signed by the settling parties. Rather, we read R. 4:37-1(a) to require all parties who have appeared in the action regarding the claim or claims being dismissed to sign the stipulation of dismissal. On the other hand, parties who are not concerned with the claim or claims being dismissed, need not, nor are they entitled to, sign the stipulation of dismissal.
In light of our conclusion that R. 4:37-1(a) did not require Heather to obtain State Farm's consent to dismiss her claim against Denise, we reject State Farm's alternative contention that R. 4:37-1(b) required Heather to obtain leave of court in order to dismiss the claim. R. 4:37-1(b) is subject to R. 4:37-1(a).
We next consider State Farm's contention that the motion judge erred in failing to join Denise's claim for UM coverage with Heather's Law Division claim "so that the shared issue of liability ... could be resolved in one forum." In support of its *1284 contention that Denise's UM claim should have been joined with Heather's Law Division claim, State Farm relies upon Zirger v. General Acc. Ins. Co., 144 N.J. 327, 676 A.2d 1065 (1996). In Zirger, the tortfeasor's liability policy only provided $15,000 in coverage. Zirger's automobile policy issued by General Accident provided underinsured motorist coverage (UIM) of $1,000,000. In addition, General Accident's UIM endorsement provided for arbitration in the event the parties were unable to agree as to whether the insured was legally entitled to recover damages, or did not agree as to the amount of damages. Zirger had filed suit against the tortfeasor and during the course of litigation, informed General Accident about the limit of the tortfeasor's policy, requesting General Accident's permission for him to settle with the tortfeasor for the tortfeasor's policy limit, in order to pursue a UIM claim under his own policy. Zirger's attorney also demanded arbitration. Subsequently, General Accident consented to Zirger's proposed settlement of his claim against the tortfeasor for the policy limit. However, the settlement never occurred. After a trial on liability only, a jury determined that the tortfeasor was responsible for Zirger's injuries. The tortfeasor's insurance carrier then offered to settle the case for the policy limit, and Zirger's attorney contacted General Accident's attorney, stating that he was inclined to reject the offer and proceed to a jury trial on damages.
General Accident's attorney informed Zirger's attorney "that if he chose to do so he should proceed to obtain a jury verdict on the question of damages." The jury awarded Zirger $400,000 and he demanded payment of that amount from General Accident, reduced by the $15,000 recovery against the tortfeasor. Rejecting General Accident's contention that the UIM carrier had the right to insist upon arbitration as set forth in the policy, the Supreme Court held that if a UM or UIM motorist carrier is afforded notice and adequate opportunity to intervene in a Law Division action for damages and declines to do so, the jury's award of damages is given preclusive effect and the carrier may not insist upon relitigation of the issue through arbitration. Zirger, supra, 144 N.J. at 342-44, 676 A.2d 1065. Arbitration is designed to be a substitute for litigation, not a supplement to litigation. Id. at 343, 676 A.2d 1065.
Although we recognize that in Zirger, supra, the insured, rather than the insurer, sought to compel resolution of the issues in a single forum, we believe that factual distinction is of no consequence. The underlying policies remain the same. Whether resolution in a single forum is sought by the insurer or insured, our public policy of avoiding piecemeal litigation and potential inconsistent results requires resolution in a single forum provided all parties are given reasonable notice of the proceedings and an adequate opportunity to meaningfully participate. "Just as we view piecemeal litigation as an anathema, we also look with disfavor upon the unnecessary bifurcation of disputes between judicial resolution and arbitration." Zirger, supra, 144 N.J. at 343, 676 A.2d 1065 (quoting Ohio Casualty Ins. Co. v. Benson, 87 N.J. 191, 199, 432 A.2d 905 (1981)). However, in light of our conclusion that the stipulation of dismissal effectively dismissed Heather's pending Law Division claims, there was no underlying personal injury claim in the Law Division in which *1285 State Farm could have asserted the application to "bifurcate ... and join all pending claims." Thus, the motion judge did not err in denying State Farm's application to join the claims.
Denise contends she had a contractual right and therefore a reasonable expectation of having her UM claim decided at binding arbitration. She contends Zirger does not limit her ability to choose her own forum. Rather, she argues Zirger was only intended to limit the insurer's rights once the injured party has chosen a forum. We reject that contention. Rather, we believe that the relative rights of the parties to insist on a particular forum requires a fact-sensitive inquiry. The ultimate goal must be to avoid piecemeal litigation and the possibility of inconsistent results. If the Law Division action was still pending, we would not hesitate to hold that Denise's claim be decided in the Law Division, notwithstanding the arbitration provisions of the UM endorsement. We see no reason why the insured defendant should not be required to proceed in a single forum, just as the insurer is required to proceed in one forum.
However, here Heather has dismissed her Law Division claim without prejudice. At the same time, she has asserted a UM claim through Denise's policy regarding the liability of the alleged "phantom driver." In addition, she has agreed to be "bound on all issues submitted to the same arbitration panel which will hear the Denise Hansen matter." In our view, the spirit of Zirger requires resolution in one forum. Here, since there is no Law Division matter pending, in order to avoid piecemeal litigation, the issues of liability and damages should be resolved by the arbitrator, provided Heather notifies State Farm, as the liability carrier for Denise, of the pendency of the arbitration matter and affords it a meaningful opportunity to be heard. Where there is a sufficient identity of interest between a litigant, and another potential party who is afforded notice of the pendency of the proceedings, and also is advised of the apparent likelihood that an issue or issues affecting that party's interest may be presented for determination, coupled with an adequate opportunity to intervene and participate in an effort to protect its interest, the principle of issue preclusion may apply to bar relitigation of those issues, in another forum at a subsequent time. Zirger, supra, 144 N.J. at 339-44, 676 A.2d 1065; Parks v. Colonial Penn Ins. Co., 98 N.J. 42, 47-49, 484 A.2d 4. Here, we are satisfied that all parties' interests will be protected by proceedings in one forum. In fact, they may be better protected by proceeding in a single forum.
Denise's attorney presumably will attempt to shift the blame for the accident to the phantom driver. The attorney assigned by State Farm to represent it in the UM claim will have the opportunity to shift the blame to Denise regarding the happening of the accident. In addition, the attorney representing Denise and the attorney representing Heather will have the opportunity to present their claims for damages, and present their respective claims regarding liability. The attorney representing State Farm in defense of Denise's UM claim will have the opportunity to defend Heather's claim for damages. Finally, the attorney representing Denise for State Farm, as well as the attorney defending Denise will have the opportunity to defend Heather's damages claim.
*1286 Thus, all parties will appear in one proceeding and the anathema of multiple, piecemeal litigation will be avoided. Moreover, experts will only have to appear in one proceeding. Finally, the possibility of inconsistent results will be avoided.
We recognize the effect of our decision may deny Denise her right to a jury trial on the issue of her liability. The simple answer is that, Denise placed herself in that position by entering into the stipulation of dismissal when she was represented by counsel designated by State Farm to represent her in the liability action. If Denise wanted to insist upon her right to a jury trial, she should not have entered into the stipulation of dismissal. As previously noted, State Farm did not have the right to resist an application by Heather to dismiss her liability claim against Denise, its insured.
We next consider State Farm's contention that the motion judge erred in denying its motion to amend its pleadings to assert declaratory judgment claims against Denise and Heather. These claims involved State Farm's contention that Denise and Heather are not entitled to UM coverage and benefits due to their failure to fulfill statutory and policy preconditions to coverage. The judge denied the application based upon his conclusion that those claims were arbitrable. Accordingly, he determined that he would not allow the amendment because he would ultimately grant a motion to dismiss.
Pursuant to R. 4:9-1, leave to amend a pleading "shall be freely given in the interest of justice." Generally, motions for leave to amend should be treated indulgently and leave should be freely given in the interest of justice. Kernan v. One Washington Park, 154 N.J. 437, 456-57, 713 A.2d 411 (1998) (internal citations omitted). Ordinarily, in considering a motion to amend a pleading, the judge should not consider the merits of the amendment. City Check Cashing, Inc. v. National St. Bk., 244 N.J.Super. 304, 308, 582 A.2d 809 (App.Div.), certif. denied, 122 N.J. 389, 585 A.2d 391 (1990). Whether to allow a party to file an amended pleading always rests in the court's sound discretion. Kernan, supra, 154 N.J. at 457, 713 A.2d 411. In exercising that discretion, if the judge is satisfied that the newly asserted claim is not sustainable as a matter of law, he or she may refuse leave to amend. Interchange State Bank v. Rinaldi, 303 N.J.Super. 239, 256-57, 696 A.2d 744 (App.Div. 1997), (citing with approval, Mustilli v. Mustilli, 287 N.J.Super. 605, 607, 671 A.2d 650 (Ch.Div.1995)).
With those principles of law in mind, we now consider whether the judge erred in denying the proposed amendment, or alternatively, whether he correctly determined the issues were to be resolved by arbitration. As she did before the motion judge, Heather contends that United Ser. Auto. Ass'n. v. Turck, 156 N.J. 480, 721 A.2d 1 (1998), requires the issues to be resolved in arbitration. We reject that contention. The question of whether a particular dispute is to be submitted to arbitration is determined exclusively by the language of the policy. Id. at 486, 721 A.2d 1. In other words, we look to the language of the policy to determine whether a particular dispute is to be decided by the court or by the arbitrator.
In Turck, an FBI agent was shot in the wrist by a passenger in a vehicle he had just stopped. The vehicle fled the scene and no suspects were apprehended. It was later determined that the vehicle was *1287 owned by an insured motorist. Turck sought recovery under the UM provisions of his policy, which had been issued by United Services Automobile Association (USAA). The UM endorsement provided for arbitration if the insurer and a "covered person" did not agree whether that person was "legally entitled to recover damages under this endorsement." Id. at 482, 721 A.2d 1 (emphasis added). USAA denied coverage on Turck's claim by contending that his injury was not caused by an accident, but rather by the intentional firing of a handgun. Turck demanded arbitration. USAA then instituted a declaratory judgment action seeking to preclude arbitration on the basis that UM coverage issues are not arbitrable. The Supreme Court contrasted the broad language contained in the USAA endorsement which mandated arbitration in the event of a dispute over whether the insured "is legally entitled to recover damages under this endorsement" and the more restrictive language contained in the standard policy, which limits arbitration to disputes over whether "a person making a claim ... is legally entitled to recover damages from the owner or operator of an uninsured ... vehicle." Id. at 489-90, 721 A.2d 1. (citations omitted). Guided by the principles that ambiguities in insurance contracts generally should be resolved against the insurer and "the undesirability of bifurcating UM claims between judicial resolution and arbitration proceedings," the Court determined that given the imprecise scope of the arbitration clause, the question whether Turck's injury was caused by an accident and was otherwise compensable was arbitrable. Id. at 491-93, 721 A.2d 1.
The Court noted that it was influenced by the recognition "that the arbitration clause at issue ... use[d] language... significantly less restrictive than the standard arbitration clause construed in [Government Employees Ins. Co. v. Bovit, 142 N.J.Super. 268, 272, 361 A.2d 100 (App.Div.1976) ] and other earlier cases." When restrictive language is used, the question of coverage is to be decided by the court, rather than the arbitrators. Id. at 493, 361 A.2d 100. Here, however, unlike Turck, the UM endorsement contained restrictive language such as is found in the standard arbitration clause. The State Farm policy states clearly and unambiguously that only two issues are to be arbitrated. It provides, in pertinent part, as follows:
Deciding Fault and Amount
Two questions must be decided by agreement between the insured and us:
1. Is the insured legally entitled to collect damages from the owner or driver of the uninsured motor vehicle or underinsured motor vehicle; and
2. If so, in what amount?
This restrictive language is essentially the same as the language the insurer used in Bovit, supra, and the other earlier cases cited by the Court. Accordingly, we conclude State Farm's contention that Denise and Heather are not entitled to UM coverage because they failed to satisfy preconditions of the policy is to be decided by the court, rather than the arbitrators. We recognize that this decision runs counter to the policy of resolution of all claims in one proceeding. However, UM coverage issues have been customarily decided by the court, rather than arbitrators, unless the policy provides otherwise. Turck, supra, *1288 156 N.J. at 488-93, 721 A.2d 1. Ohio Cas. Ins. Co. v. Benson, supra, 87 N.J. at 194-99, 432 A.2d 905; Tornatore v. Selective Ins. Co. 302 N.J.Super. 244, 245-46, 695 A.2d 313 (App.Div.1997). See also O'Connell v. N.J. Mfrs. Ins. Co., 306 N.J.Super. 166, 172-73, 703 A.2d 360 (App. Div.1997), certif. granted, 153 N.J. 405, 709 A.2d 798 (1998); appeal dismissed 157 N.J. 537, 724 A.2d 799 (1998) (holding that the issue of whether the insured made reasonable efforts to ascertain the identity of the vehicle involved in the accident, as required by the statute as a prerequisite to uninsured motorist claim is an issue of coverage that is to be decided by the court rather than an arbitrator). Ordinarily, we may not broaden the scope of arbitration precisely agreed to by the parties. See Cohen v. Allstate Ins. Co., 231 N.J.Super. 97, 101, 555 A.2d 21 (App.Div.), certif. denied, 117 N.J. 87, 563 A.2d 846 (1989). "The parties may shape their arbitration in any form they choose and may include whatever provisions they wish to limit its scope." Ibid. Accordingly, since we have concluded that the language of the policy calls for judicial resolution of any coverage issue, we hold that the court, rather than the arbitrator, should resolve the coverage question.
Finally, we consider Denise's contention that State Farm is estopped from denying UM coverage since it subjected her to numerous defense examinations by physicians of its choosing and belatedly argued she is not entitled to coverage because she failed to satisfy statutory and policy preconditions to coverage. We are unable to determine from the record whether Denise raised her estoppel contention before the motion judge. To be sure, the motion judge did not rule upon it. Accordingly, we decline to exercise original jurisdiction pursuant to R. 2:10-5 and decide the issue. The record supplied on appeal does not permit resolution of this contention which, to some extent, may depend upon resolution of factual issues that are not presently before us.
Affirmed in part, reversed in part, and remanded to the Law Division for further proceedings not inconsistent with this opinion.
NOTES
[1] Heather also named Joseph Hansen, who owned the vehicle Denise was driving, as a defendant. However, he has not participated in this appeal.
[2] We note that Mr. Heilman represents Denise Hansen regarding her affirmative claim. Counsel designated by State Farm to defend Denise Hansen has not participated in this appeal.
[3] Judge Keefe did not participate in oral argument. However, the parties have consented to his participation in this decision.
[4] We presume that State Farm sought to bifurcate, pursuant to R. 4:38-2, the liability aspects of the case and the damages aspect of the case, contending that if the phantom vehicle was found to be fully at fault, the parties would then proceed to arbitration to determine damages.
[5] We note, however, that the stipulation of dismissal provides as follows: "The matter in difference in the above entitled having been amicably adjusted by and between the parties, it is hereby stipulated and agreed that the same be and it is hereby dismissed without costs against either party." The words "without prejudice" do not appear on the stipulation of dismissal. However, unless otherwise stated in the notice or stipulation, a dismissal is without prejudice. R. 4:37-1(a).
[6] At the motion for reconsideration, the judge indicated that he would stay the orders only until a notice of appeal was filed, and any further stays would have to be granted by this court. On February 2, 2000, we granted State Farm's motion for a stay pending appeal.